Northern Pennsylvania Legal Services, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 2, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

Robert J. *Farnell,* with him *J. Palmer Lockard* and Ira Mark Goldberg, for petitioner.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 29, 1983:

The petitioner Northern Pennsylvania Legal Services, Inc., (Legal Services), a nonprofit corporate provider of legal services, seeks review of an order of the Secretary of the Commonwealth Department of Public Welfare (Department) reversing, without accompanying opinion, the decisions of a hearing examiner and of the Department's Office of Hearings and Appeals in the matter of the appeal of Mr. Leopoldo Fernandez from the denial or "termination" of Mr. Fernandez' application for legal assistance. The facts giving rise to Mr. Fernandez' request for legal aid were adduced by his testimony before the examiner and are that sometime in 1978 Mr. Fernandez contracted for the repair of a concrete sidewalk adjacent to his dwelling; that these repairs were undertaken by another person pursuant to a written contract but were, in the opinion of Mr. Fernandez, unsatisfactorily concluded; that Mr. Fernandez, represented by legal counsel privately retained, then pursued a civil cause of action against the contractor before a local district justice; and that this cause was denied in favor of the contractor defendant.

Thereafter, Mr. Fernandez failed to appeal from the decision of the district justice; but more than a year later, he made application to Legal Services re-

questing that Attorney Ira Goldberg of that office undertake an appeal on his behalf. Attorney Goldberg advised Mr. Fernandez that an appeal would be untimely and, therefore, that Legal Services could not provide the assistance requested. One week later, on May 21, 1981, Legal Services sent written notification to Mr. Fernandez which in pertinent part is as follows:

THIS IS TO NOTIFY YOU THAT TITLE XX SERVICES WILL:

[ ] BE REDUCED EFFECTIVE ...........
[x] BE TERMINATED EFFECTIVE 5-31-81

Your services will be terminated because your service goal has been reached.

IF YOU DISAGREE WITH THIS DECISION, YOU HAVE THE RIGHT TO APPEAL AND REQUEST A FAIR HEARING. ALL APPEALS SHALL BE FORWARDED TO THE OFFICE OF HEARING AND APPEALS.

If you do not understand this decision, or would like to meet with a representative of our agency, please contact
SHEILA D. SEAY

As we have indicated, Mr. Fernandez appealed from this determination, a hearing was held at which he and Attorney Goldberg testified and a decision was rendered by the hearing examiner including a discussion and detailed factual findings and upholding the decision of Legal Services. The examiner reasoned that Legal Services was not required to pursue and, indeed, was with respect to its professional employees forbidden by the Code of Professional Responsibility from pursuing, an appeal or other cause which the managing attorney reasonably believed to be frivolous or unlikely of success.

Mr. Fernandez then challenged the examiner's decision in an appeal to the Department's Office of Hearings and Appeals contending, once again, that the decision of Legal Services was substantively erroneous. For example, in the *pro se* document filed in support of this second level administrative appeal Mr. Fernandez argues:

I did not get an appeal before [from the judgment of the district court], because not only my attorney wanted too much money, but because no one advised me of my rights. I thought you could *file for an appeal at any time* (emphasis in original).

On August 10, 1981, the Director of the Office of Hearings and Appeals entered an order affirming the examiner's determination.

Final administrative review may be had by way of an appeal to the Secretary of the Department. Mr. Fernandez pursued this path to relief and, as we indicated at the outset, the Secretary, in a form Order dated August 24, 1981 and unaccompanied by an opinion or other statement of supporting reasoning, reversed the decision of the Director of the Office of Hearings and Appeals. The Secretary's Order in reversal is now the subject of this appeal by Legal Services.

In its written argument presented to this Court, the Department contends that the Secretary's Order, although completely silent on the issue, represents a determination that the written notification sent by Legal Services to Mr. Fernandez, dated May 21, 1981 and reproduced in pertinent part at an earlier point in this opinion, is inadequate when measured by the general Constitutional requirement of due process of the law and by certain specified Federal regulations assertedly promulgated pursuant to Title IV of the

Social Security Act. We decline to so interpret the Secretary's Order. The adequacy of the written notification was never challenged by Mr. Fernandez and was not an issue raised before the examiner, the Office of Hearings and Appeals, or the Secretary—evidently because Mr. Fernandez understood perfectly the nature of the decision of Legal Services with respect to his application for legal assistance and never at any stage challenged anything other than the merits of Legal Services' reason for declining to represent him.

Therefore, we will treat the Order of the Secretary as embodying a determination that Legal Services erred in refusing to grant Mr. Fernandez' application for legal assistance and we will reverse the Secretary's Order and reinstate that of the Director of the Office of Hearings and Appeals. It will be recalled that the hearing examiner in this case resolved the factual issues in favor of Legal Services and found that the managing attorney reasonably believed Mr. Fernandez to have no meritorious cause of action which Legal Services could, in good faith, pursue. Given this state of the record, the decision of Legal Services to deny Mr. Fernandez' request for assistance was entirely proper.[1]

Order reversed.

## ORDER

AND Now, this 29th day of March, 1983, the Order of the Secretary of the Commonwealth Department of Public Welfare in the above-captioned matter is hereby reversed.

---

[1] Our recent opinion in *Albright v. Commonwealth Department of Public Welfare*, Pa. Commonwealth Ct. , 454 A.2d 1149 (1983) is controlling on this issue. We there upheld Keystone Legal Services' refusal to file an untimely appeal proposed by a client on the ground that such refusal is required by EC 7-4 of the Model Code of Professional Responsibility (1974).