375 A.2d 134

**COMMONWEALTH of Pennsylvania**

v.

**Thomas DEVOY, Appellant.**

Superior Court of Pennsylvania.

Argued June 21, 1976.

Decided June 29, 1977.

Thomas J. McCormack, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, submitted a brief, for appellee.

Before WATKINS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On February 2, 1975, a complaint was filed against the appellant charging him with various criminal offenses. Appellant's trial on these charges commenced on September 9, 1975.[1] The appellant now claims that his right to a speedy trial was denied in that he had not been brought to trial within 180 days from the date the criminal complaint was filed against him, as required by Pa.R.Crim.P. 1100(a)(2).[2] After careful examination of the record, we are constrained to agree with this contention.

The record shows that the Commonwealth continued the instant case from February 10, 1975, until March 14, 1975, from March 14, 1975, until June 20, 1975, and from June 20, 1975, until July 11, 1975, because the complainant was hospitalized and unable to testify. On September 9, 1975,

1. The record is not clear as to whether trial commenced on September 9, 1975, or on October 7, 1975. The appellant, in his brief, concedes that trial began on September 9, 1975. In any event, an exact determination of this issue is not necessary for a resolution of the merits of the instant appeal.

2. Pa.R.Crim.P. 1100(a)(2) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

the appellant filed a petition to dismiss the charges against him, asserting non-compliance with Rule 1100(a)(2). The appellant's petition to dismiss was denied on October 6, 1975.

In denying the appellant's petition to dismiss, the lower court excluded from its computation of the mandatory period the 130 days between February 10, 1975, and June 20, 1975. The lower court was clearly wrong in so doing. Pa.R.Crim.P. 1100(d) provides that periods of delay may be excluded from the computation of the prescribed time *only* if such periods of delay are caused by: "(1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." *See Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976). All periods of delay beyond the mandatory period " ' . . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule, [Pa.R. Crim.P. 1100(c)],[3] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton, supra,* 469 Pa. at 14, 364 A.2d at 697, *quoting Commonwealth v. O'Shea,* 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). Rule 1100(d) is clearly inapplicable to the instant situation. Periods of delay due to the unavailability of a hospitalized Commonwealth witness may not be excluded from the computation of the prescribed period under the authority of Rule 1100(d). Moreover, the Commonwealth did not seek an extension of time for trial pursuant to Rule 1100(c). Because the mandatory period for trial had expired by September 9, 1975,[4] when the appellant filed his petition to dismiss, we order the appellant discharged.

3. Pa.R.Crim.P. 1100(c) provides in pertinent part that:
   "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

4. The 180th day in the instant case was August 1, 1975.

356

The judgment of sentence is reversed, and the charges against the appellant are dismissed with prejudice.

WATKINS, President Judge, dissents.

JACOBS, J., did not participate in the consideration of this case.