402 A.2d 678

**COMMONWEALTH of Pennsylvania**

v.

**Mahlon H. LAUER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided April 20, 1979.

Petition for Allowance of Appeal Denied Sept. 10, 1979.

Philip D. Lauer, Easton, for appellant.

John E. Gallagher, District Attorney, Easton, for Commonwealth, appellee.

Before PRICE, HESTER, and HOFFMAN, JJ.

PER CURIAM:

On October 22, 1975, the court below imposed judgment of sentence upon appellant which included an order of restitution in favor of one Mr. Waskovich. No direct appeal from the judgment of sentence was filed. After his release from prison in April of 1977, appellant petitioned the lower court to reconsider the restitution order of its sentence on the grounds that Mr. Waskovich was not a "victim" of appellant's crime entitled to recover restitution, 18 Pa.C.S.A. § 1321(c). The lower court denied this petition without a hearing.

■ Where no appeal is taken, a lower court may alter, amend, or modify its own orders within thirty days after its entry. 12 P.S. § 1032. The time for reconsideration here has long since passed. *See Commonwealth v. Yoder*, 249 Pa.Super. 389, 378 A.2d 350 (1977). This is not a matter of correcting an obvious or patent mistake on the face of the order itself, *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339 (1970). As the order of restitution was not unlawful *per se*, any error underlying the order has been waived by

failure to take a direct appeal. *Commonwealth v. Walls*, 248 Pa.Super. 355, 336, 375 A.2d 125, 126 (1977), *aff'd*, 481 Pa. 1, 3, 391 A.2d 1064, 1065 (1978).

Order affirmed.