Leonard Tillman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, December 26, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Leonard Tillman,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, May 8, 1979:

Leonard Tillman has filed with this Court a complaint in mandamus, which, pursuant to prior order, we shall treat as a petition for review. Tillman seeks relief from certain actions of the Board of Probation and Parole (Board).[1] The Board has filed preliminary objections in the nature of a demurrer and the case is now before us for disposition on briefs.

In considering the Board's demurrer we must accept as true every well and clearly pleaded fact and

---

[1] Tillman's prayer for relief is as follows: "Wherefore, petitioner prays that this Honorable court grants this complaint in Mandamus, and directing the Respondents to comply with the law's [sic] of the land, and releasing petitioner from the above cause of action."

all reasonable inferences therefrom. *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976).

In the pleading which is now under attack by the Board's demurrer, Tillman avers that: he was sentenced to serve 2 to 6 years on April 15, 1974, by the Court of Common Pleas of Westmoreland County after a plea of guilty; he was resentenced on May 16, 1975 ("sentence reduced"), and released under the supervision of the Board; on June 18, 1975, the order of May 16 was rescinded and he was placed under the supervision of the Westmoreland County office of Probation and Parole "until parole [sic] by the Pennsylvania Board of Parole"; he was arrested in July of 1976 and re-entered by the Board for the balance of his original 2 to 6 year term; following a post conviction hearing act proceeding, he was "released" in February of 1977; he was arrested for a new offense and a detainer was lodged by the Board on October 13, 1977; a preliminary hearing (continued to enable him to obtain counsel) was held November 4, 1977, following which he was ordered detained until a final revocation hearing "when available"; following his conviction on February 18, 1978, he was sentenced to a 6 to 12 month term in prison; following a plea of guilty he was sentenced on March 6, 1978, on other charges to a term of 1 to 2 years to run concurrent with the 6 to 12 month sentence imposed in February; on March 8, he was "determined a convicted probation violator" and sentenced to a term of 6 months to 2 years to begin at the end of his 1 to 2 year sentence; on April 17, 1978, he was transferred from the Allegheny County Jail to the State Regional Correctional Facility at Greensburg; on May 24, 1978, he was sentenced on another conviction to a term of 2½ to 5 years to run concurrently with the other sentences previously imposed; on May 31, 1978, he was transferred from the Correctional Facility at Greensburg to the Western State Correc-

tional Institution; and on June 1, 1978, a final revocation hearing was held by the Board following which his parole on the sentence of 2 to 6 years imposed in 1973 was revoked and he was re-entered to serve the balance of that term.

In his brief Tillman claims that his pleading entitles him to relief because: (1) the Board violated its own rules with respect to revocation hearings for technical parole violators; (2) the Board violated its own rules with respect to revocation hearings for convicted parole violators; and (3) his rights under the fourteenth amendment to the United States Constitution were violated when the Board re-entered him to his original sentence although he was in the midst of serving sentences subsequently imposed.

We have done our best to give Tillman every benefit of his inartfully drawn pleading, but even with that advantage, we must sustain the Board's demurrer. From the facts pleaded by Tillman, it will appear that his preliminary hearing was scheduled for October 24, which was within 15 days of the filing of the Board's detainer on October 13 as required by 37 Pa. Code §71.2(3).[2] The hearing was continued until November 4 to afford Tillman the opportunity to obtain counsel. That time limit was within the 15 days allowed under 37 Pa. Code §71.2(5)(iii). The final revocation hearing was held June 1, 1978. Under the Board's regulations the final revocation hearing for violation of parole conditions, including arrest for a new offense, must be held within 120 days of the preliminary hearing. 37 Pa. Code §71.2(11). However, it does not appear from Tillman's pleading that the final revocation hearing was held on the basis that Tillman was a *technical* parole violator. Rather, it seems quite

---

[2] All sections of 37 Pa. Code cited herein can presently be found at 7 Pa. Bulletin 488-91.

clear that the final revocation hearing held June 1, 1978, was based upon the fact that Tillman was a *convicted* parole violator. In such cases, the provisions of 37 Pa. Code §71.4 apply rather than 37 Pa. Code §71.2. Therefore, we can not hold that the Board violated its own regulations with respect to the final revocation hearing.

Concerning that final revocation hearing, it will appear that Tillman's series of convictions began February 18, 1978. The Board is required to hold its final revocation hearing within 120 days of the date the Board receives official verification of the conviction, unless the parolee is confined outside of the Board's jurisdiction, in which event the hearing must be held within 120 days of the official verification of the Board of the return of the parolee to a state correctional facility. 37 Pa. Code §71.4(i). Since Tillman was transferred from a county prison to the State Regional Correctional Facility at Greensburg on April 17, 1978, and the final revocation hearing was held June 1, 1978, the Board has complied with its own rules.

Finally, it appears from Tillman's pleading that his final revocation hearing and subsequent recommitment were as a convicted parole violator. Section 21.1(a) of the Act of August 6, 1941 (Act), P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. 331.21(a), provides that the service of the balance of the parolee's original term shall precede the commencement of any new term where the parolee was paroled from any state penal or correctional institution under the supervision of the Department of Justice and the new sentence is to be served in a state penal or correctional institution. Tillman's pleading in this respect is difficult to interpret. He avers that his original sentence of 2 to 6 years was "reduced" and that he was released to the Board's supervision but that the order committing him

to the Board's supervision was rescinded and he was then placed under the supervision of the Westmoreland County Board of Probation and Parole. However, he says that he was returned by the "Parole Board" in August of 1976 to the Western Penitentiary. By virtue of this confusion we can not tell from the facts pleaded by Tillman whether or not the Act applies. However, Tillman's argument is that the Board acted illegally when it interrupted the sentences he had begun to serve by re-entering him to serve the balance of his original sentence. Obviously, if the facts bring Tillman within the provisions of the Act, then the Board did not act illegally. The problem is that we simply can not tell from Tillman's pleading whether the facts did warrant the Board's action.

Concerning Tillman's contention that the Board's action infringed upon his due process and equal protection rights under the fourteenth amendment, his brief fails to tell us how such rights were infringed upon. Under the facts as pleaded, we see no violation of Tillman's due process or equal protection rights.

It is Tillman's obligation to plead the necessary facts to warrant the relief which he seeks. As we have noted, Tillman has asked that we order the Board to comply with the "laws of the land." Taking all of Tillman's well-pleaded facts and the fair inferences from them as true, we fail to find where the Board has not complied with the law. Tillman also requests that he be released "from the above cause of action." We hold that his well-pleaded facts and the fair inferences from them would not warrant his release even if they were true.

Since Tillman's pleading has not stated sufficient grounds upon which relief can be granted, we will sustain the demurrer; however, we feel that this should be done without prejudice to Tillman's right to file an amended petition for review should he desire to do so.

### ORDER

AND NOW, this 8th day of May, 1979, the preliminary objections of the Pennsylvania Board of Probation and Parole in the nature of a demurrer are sustained. Leonard Tillman shall have 20 days from this date to file an amended petition for review, should he desire to do so.