405 A.2d 523

**COMMONWEALTH of Pennsylvania**

v.

**James Wayne HANLON, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1979.
Decided May 31, 1979.

D. Michael Fisher, Pittsburgh, for appellant.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

On October 3, 1975, the court passed judgment of sentence of 2 and ½ to 10 years total confinement upon appellant, who thereafter unsuccessfully sought appellate relief. On August 10, 1978, one week after the denial of his Petition for Allowance of Appeal to the Supreme Court, appellant filed a petition with the lower court asking for a modification of his sentence to probation. The lower court denied relief. Appellant now argues that the Act of July 9, 1976 P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 5505, authorizes courts to modify judgments of sentence in this manner.

Section 5505 reads: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

Appellant argues that because his judgment of sentence was suspended pending appeal, and the date of entry of an order is generally the effective date, the court below had 30 days after the denial of allocatur in which it could have granted the relief requested.

The problem with this argument is that Section 5505 only empowers the lower court to modify judgments of sentence within 30 days of entry *in cases where no appeal is taken. See Commonwealth v. Lauer*, 265 Pa.Super. 542, 402 A.2d 678 (1979). Where an appeal is taken and judgment of sentence is affirmed, the defendant must be committed on

the terms of his original sentence. Pa.R.App.P. 1763. The lower court on remand has no authority to alter the judgment of sentence where the appellate court has not. Appellant's desire to be relieved of incarceration must be presented to the Pennsylvania Board of Parole. *See* 61 P.S. § 331.17 (Supp.1978–79).

Order affirmed.