Leonard Tillman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

326

Submitted on briefs, October 17, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Leonard Tillman,* for himself, petitioner.

*Robert A. Greevy,* Assistant Attorney General, *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge MacPhail, January 8, 1980:

On May 8, 1979, we filed an opinion and entered an order with respect to the petition for review filed by Leonard Tillman.[1] In our order we sustained the pre-

---

[1] *Tillman v. Pennsylvania Board of Probation and Parole,* 42 Pa. Commonwealth Ct. 481, 400 A.2d 1374 (1979).

liminary objections in the nature of a demurrer filed by the Board of Probation and Parole (Board) and granted Tillman twenty days to file an amended petition for review which would plead facts entitling him to the relief which he seeks. Tillman has filed an amended petition for review with exhibits attached thereto. In his amended petition Tillman requests that his recommitment be set aside and that his parole be reinstated "up until the day he was arrested." The Board has filed an answer with new matter. Tillman responded with a pleading entitled a "traverse" with exhibits attached thereto. The case is now before us on cross motions for summary judgment for disposition on briefs without oral argument.

In his first petition to us, Tillman alleged that the Board acted illegally when it revoked his parole on his initial sentence of two to six years imposed on April 15, 1974 and recommitted him as a convicted parole violator to serve the balance of that sentence. We sustained the Board's demurrer to that petition because we were unable to determine from Tillman's pleading whether or not his circumstances were such as to place him within the provisions of Section 21.1(a) of the Act of August 6, 1941 (Act), P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a.[2]

---

[2] The provisions added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a are as follows:

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

From the amended petition, and particularly Tillman's brief, we now understand that his position is that his initial sentence was modified by the trial court in subsequent proceedings before that court and that those subsequent proceedings had the net effect of placing him under the jurisdiction of the Westmoreland County Office of Probation and Parole, thus releasing him from the Board's jurisdiction.

There seems to be no question that the trial court did attempt to resentence Tillman on May 16, 1975 when the following order was entered:

> And now, May 16, 1975, defendant being present in open court, and being called for sentence, Judge DAVID H. WEISS proceeded as follows: Actor to be released forthwith from Rockview and placed on Parole for the balance of maximum sentence to the Penna. Board of Parole. Costs on the County.

The Board is correct when it argues that the trial judge had no authority to resentence Tillman more than a year after the original sentence was imposed. *Commonwealth v. Yoder,* 249 Pa. Superior Ct. 389, 378 A.2d 350 (1977). Accordingly, the "resentencing," having been done without authority under the law, was a nullity. Moreover, the action of the trial judge on May 16, 1975, when he purported to resentence Tillman, did not vacate that part of the initial sentence which committed Tillman to a State Correctional Institution. There is no dispute that Tillman's current

---

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

sentence of 2½ to 5 years, imposed on May 23, 1978, is also to a State Correctional Institution. Accordingly, the provisions of Section 21.1(a) of the Act apply to Tillman's circumstances and the Board clearly had the authority to recommit Tillman as a convicted parole violator as well as to direct that he serve his "back time" on the original sentence before commencing the new sentence.

On June 18, 1975, the trial judge amended his order of May 16, 1975 as follows:

> AND Now, June 18, 1975, the Order of Court dated May 16, 1975 is hereby rescinded and the above named, Leonard Tillman, is placed under the supervision of the Westmoreland County Office of Probation and Parole until he is paroled by the Pennsylvania Board of Probation and Parole.

Tillman argues that that order released him from the jurisdiction of the Board with respect to his initial sentence. We are not exactly certain of the intent of the trial judge's order, but it is clear that the trial judge had no authority to parole Tillman where the maximum term of the original sentence imposed exceeded two years. Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.17. Again, the trial judge's order was a nullity. Therefore, notwithstanding the order of the trial court, the Board never lost or waived its jurisdiction over Tillman.

Inasmuch as we have disposed of Tillman's other contentions in our previous opinion and finding no genuine issue of material fact present in the pleadings before us, we conclude that the Board is entitled to judgment as a matter of law.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.

## ORDER

AND Now, this 8th day of January, 1980 summary judgment is entered for Commonwealth of Pennsylvania, Board of Probation and Parole and the motion of Leonard Tillman is denied.