443 A.2d 843

**COMMONWEALTH of Pennsylvania**

v.

**Edward A. CANADY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1981.

Filed March 26, 1982.

294

J. Hugh O'Donnell, Philadelphia, for appellant.

Ann Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

Appellant, Edward Canady, was convicted after a trial by a judge, sitting without a jury, of robbery, burglary, possession of an instrument of crime, simple and aggravated assault, and criminal conspiracy. Post-verdict motions were granted in part since judgment was arrested on the burglary conviction. Appellant was sentenced to a term of imprisonment of not less than five nor more than ten years on the robbery conviction.[1] Terms of two years probation were imposed on the weapons offenses and on the unlawful restraint conviction. These terms were to run concurrent with each other but consecutive to the robbery conviction. This appeal followed.

Appellant raises only one issue before this Court. He contends that the trial court abused its discretion when it ordered him to proceed to trial represented by a court-appointed attorney with whom appellant was dissatisfied. We cannot address the merits of appellant's claim because it has been waived.

1. The trial court imposed only one sentence on the criminal conspiracy and robbery convictions because, under its view, these crimes merged.

■ First of all, the fact that the question of waiver has not been raised by the prosecution does not foreclose this Court from raising the issue sua sponte. See *Commonwealth v. Klaric*, 263 Pa.Super. 286, 397 A.2d 1212 (1979).

In the instant case, the issue of whether the trial court should have granted appellant another opportunity to obtain another attorney was not raised in the written post-verdict motions filed by counsel. However, the trial court permitted appellant's counsel to amend the motions orally. See the Trial Court's Opinion at 2 ("at oral argument on post trial motions [appellant] orally amended the motions to allege error in permitting [appellant's] counsel to withdraw and the appointment of new counsel . . . ."). The trial court then addressed the merits of the issue in its opinion.

■ With respect to whether the scenario below was sufficient to preserve the issue, we have said that:

"a post-verdict court's erroneous consideration of *orally* presented allegations of error will not suffice to preserve the allegations for appellate review. E.g., *Commonwealth v. Gamble*, 485 Pa. 418, 402 A.2d 1032 (1979); *Commonwealth v. Hagans*, 483 Pa. 415, 397 A.2d 412 (1979); *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978)." *Commonwealth v. Philpot*, 491 Pa. 598, 600, 421 A.2d 1046, 1047 (1980). (Emphasis added).

Therefore, the issue appellant attempts to raise is waived.[2]

■ In its brief, the prosecution sets forth certain facts which occurred after the notice of appeal was filed to this Court.

On March 3, 1980, as mentioned above, appellant was sentenced to a five to ten year term of imprisonment. This term was to be followed by three concurrent terms of probation. Attorney O'Donnell, who represented appellant

2. Even if the issue had not been waived, the trial court's refusal to grant appellant's late request to be represented by counsel, who had been granted leave to withdraw earlier in the case, did not deprive appellant of any Sixth Amendment right. See the Trial Court's Opinion at 2–3; see also *Moore v. Jamieson*, 451 Pa. 299, 307, 306 A.2d 283, 288 (1973).

at trial and at sentencing, filed a notice of appeal to this Court on March 25, 1980. An untimely petition for reconsideration was filed by Attorney Smalls on April 25, 1980.[3] A hearing was held on August 5, 1980. At the end of the hearing, the court stated the following:

> "THE COURT: Well, I am willing to believe that you have changed, Mr. Canady. I remember what you were like when you came up for trial.
>
> THE [APPELLANT]: Yes, ma'am.
>
> THE COURT: You were not a very pleasant individual, and what I'm willing to do is to change the sentence from 5 to 10 on robbery to 2 to 10 and when you have completed the two, then you're eligible for parole.
>
> MR. SMALLS: Thank you, Your Honor."
>
> Sentencing Transcript at 23.

A review of the record, however, reveals that the sentencing court did not file a formal order vacating the original sentence. In any event, that court had no authority to modify the original sentence after the appeal had been taken and after more than thirty days had passed from March 3, 1980, which was the date that the sentence was first imposed.[4] See *Commonwealth v. Leatherbury*, 269

---

**3.** The prosecution's brief states that this was the second petition for reconsideration which had been filed. The prosecution's version of the facts are as follows:

> "The Commonwealth's records further reflect that on April 1, 1980, [appellant], through another attorney, Thomas L. McGill, Esquire, [Mr. McGill had been previously permitted to withdraw from this case, see discussion *infra*], filed a petition to reconsider sentence which was denied by the trial court on April 8, 1980." Brief for the Prosecution, at 2 n.2. (emphasis in original).

Although our independent review of the record fails to disclose if such a motion had been filed and denied by the court, this irregularity does not affect our disposition of the instant appeal.

**4.** Although in the instant case, the motion to modify sentence was untimely filed since it was not filed "within ten (10) days after imposition of sentence", we take this opportunity to comment on the options available to the court when presented with a timely petition to reconsider the sentence. See Pa.R.Crim.P. 1410. The following commentary to Rule 1410 sheds some insight into the subject:

> "[The] court should take one of the following types of action within the thirty day appeal period: (1) issue an order denying the motion,

Pa.Super. 194, 197 n.4, 409 A.2d 431, 433 n.4 (1979); *Commonwealth v. Lauer*, 265 Pa.Super. 542, 544, 402 A.2d 678, 679 (1979); see also *Commonwealth v. Hanlon*, 266 Pa.Super. 456, 405 A.2d 523 (1979). Accordingly, the court's attempt to modify the sentence of March 3, 1980, was null and void. See *Tillman v. Pennsylvania Board of Probation and Parole*, 48 Pa.Cmwlth. 325, 409 A.2d 949 (1980). See also *Commonwealth v. Pinkney*, 267 Pa.Super. 288, 292, 406 A.2d 1045, 1047 (1979) (Pa.R.A.P. 1701(b) which "authorizes reconsideration by the lower court when an appeal is pending, but does not in any way affect or enlarge upon the substantive law of the statute" which mandates a 30 day time period for such action.).[5]

We note also that because the only judgment of sentence of record is the original one which is dated March 3, 1980, there is no need to remand in order to reinstate the original judgment of sentence.

Judgment of sentence affirmed.

McEWEN, J., concurs in the result.

(2) schedule a hearing on the motion, (3) issue an order granting the motion, and vacating the earlier judgment of sentence, or (4) if the court would like additional time to consider the motion, issue an order vacating the judgment of sentence. The failure of the sentencing court to act within the thirty day appeal period will normally result in the loss of the court's jurisdiction to modify sentence, and will have the same effect as a denial of the motion. See Pa.R.A.P. 1701."

5. That motion also would have been untimely filed since it was not filed "within ten (10) days after imposition of sentence." Pa.R. Crim.P. 1410. The most recent enactment of the statute which governs modification of sentence when no appeal has been taken reads as follows:

"Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any terms of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

Finally, we note that our decision does not affect the court's inherent power to correct an illegal sentence, or patent mistakes in its order. See *DeVillars v. Commonwealth*, 61 Pa.Cmwlth. 274, 277, 433 A.2d 604, 606 (1981). However, in the instant case, we are not confronted with such a situation.