Clement Butterfield, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, February 1, 1983:

On November 29, 1977, Clement Butterfield, petitioner, having been convicted of robbery offenses, was sentenced to three terms of imprisonment of from three to eight years to run concurrently. The effective date of the sentences was July 8, 1977, the minimum July 8, 1980 and the maximum July 8, 1985. He was granted parole by the Pennsylvania Board of Probation and Parole (Board) on July 31, 1980. While under parole supervision, he was arrested and charged with forgery and criminal attempt on August 28, 1980, convicted on December 9, 1980, and sentenced to two concurrent terms of from four to thirty-six months.

On January 19, 1981, the Board lodged its detainer based on the petitioner's new convictions. A parole revocation hearing was held on January 26, 1981 and on February 17, 1981, the Board took action to recommit the petitioner as a convicted parole violator and to serve eight months back time on the original sentence when available.

On June 1, 1981, the Board granted the petitioner parole from the new sentence "to be effective June 1, 1981 to Board detainer only."

The petitioner asked the Board to recompute his responsibility for back time on his original sentence to show that he commenced serving that time on February 19, 1981, when he contends he was available to the Board, having been paroled from the new sentence on that date. The Board refused and this appeal followed.

The petitioner does not state who or what body granted him parole in February 1981. The Board clearly did not take this action until June 1, 1981 as we have noted and no other authority had the power to do so.[1] The Board had exclusive authority to parole Butterfield on his new sentence because that sentence was for a maximum term of more than two years. Section 17 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.17. We have held that a judge has no authority to grant parole where the maximum term of sentence exceeds two years. *Tillman v. Board of Probation and Parole,* 48 Pa. Commonwealth Ct. 325, 329, 409 A.2d 949, 951 (1980).

The petitioner was not therefore on parole from the new sentence until the Board granted him parole on June 1, 1981 and he was not available to serve the

---

[1] It may be that the petitioner is confusing the minimum date of the new sentence with parole.

494 

eight months of back time on his original sentence until that date.

Order affirmed.

### ORDER

AND Now, this 1st day of February, 1983, the order appealed from in the above-captioned matter is affirmed.