472 A.2d 615

**COMMONWEALTH of Pennsylvania**

v.

**Charles A. WALTON, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 1983.
Filed Nov. 18, 1983.
Reargument Denied April 9, 1984.
Petition for Allowance of Appeal Denied July 27, 1984.

See also, 287 Pa.Super. 614, 428 A.2d 267.

William J. Honig, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This case involves a situation where Senior Judge Smillie of the Court of Common Pleas of Montgomery County erroneously entered an order on August 11, 1982 advising the defendant that he would be discharged from Graterford where he had been sentenced for ten to twenty (10 to 20) years on August 19, 1977 by Judge Avrigion of the Mont-

gomery County Court. At the time of Judge Smillie's August 11, 1982 Order, the defendant's case was on appeal to this Court, the defendant having filed an appeal from a denial of his Post Conviction motions which had been denied twice by the court below.[1] The defendant's appeal to our Court had been filed by him on June 15, 1982.

On July 29, 1982, during the pendency of defendant's June 15, 1982 appeal to this Court, the defendant filed a Petition for Writ of Habeas Corpus with the court below. The matter was assigned to Judge Smillie who scheduled a hearing thereon for August 11, 1982. During the August 11, 1982 hearing, Judge Smillie was not informed of the pendency of the defendant's June 15, 1982 appeal to our Court. A colloquy with counsel took place at the "hearing" after which Judge Smillie entered an order granting the defendant's Habeas Corpus petition and ordering him discharged. The Commonwealth took no appeal from this order. Rather, on December 27, 1982, it filed a petition to vacate Judge Smillie's order on the grounds that the order was null and void since it was issued at a time when the defendant's case was on appeal here.[2] The Commonwealth's petition was designated as one for a "Writ of Coram Nobis" or in the alternative as a "Petition to Open Judgment". The Commonwealth's petition was then assigned to Judge Brown who asked for briefs and argument of the parties. After this took place, Judge Brown issued an opinion and order on April 25, 1983 granting the Commonwealth's request that Judge Smillie's order of August 11, 1982 be declared a nullity. The defendant now appeals from the April 25, 1983 order of Judge Brown.

On appeal, the defendant argues that the Commonwealth has no right to file a "Coram Nobis Petition", that since the

1. We had denied the defendant's appeal from the denial of his first post conviction motions in *Commonwealth v. Walton,* 287 Pa.Superior Ct. 614, 428 A.2d 267 (1980). Our Supreme Court denied allocatur of this matter on September 9, 1980.

2. The defendant, having received an order discharging him from prison from Judge Smillie, withdrew his appeal to our Court on October 6, 1982.

4

Commonwealth failed to appeal the August 11, 1982 order of Judge Smillie that it was precluded from raising the propriety of the order on December 27, 1982, and that Judge Brown "prejudged" the case by issuing his April 25, 1983 Order without benefit of a hearing.

As pointed out above the Commonwealth's petition of December 27, 1982 was characterized as one for a "Writ of Coram Nobis" or, in the alternative, as a "Petition to Open Judgment". What it is called is of no import for its only purpose was to call the court's attention to the fact that Judge Smillie's order was null and void because it was entered during the pendency of defendant's appeal to our Court. An order entered by a lower court while a case is on appeal is a nullity. *Commonwealth v. Lynch*, 304 Pa.Superior Ct. 248, 450 A.2d 664 (1982); *Commonwealth v. Canady*, 297 Pa.Superior Ct. 292, 443 A.2d 843 (1982). Thus, Judge Smillie's August 11, 1982 Order was void ab initio and of no legal effect. As such, the Commonwealth was not required to take an appeal from the order. See *Dukmen v. Dukmen*, 278 Pa.Superior Ct. 530, 420 A.2d 667 (1980). In any event this Court will not give effect to an order entered by the court below during the pendency of an appeal of the same matter to our Court.

Finally, Judge Brown's decision of April 25, 1983 was explained by him as necessary to avoid confusion among prison officials as to whether Judge Smillie's order was to be followed as valid. We find that neither Judge Smillie nor Judge Brown may re-sentence the defendant at this late date. *Tillman v. Pennsylvania Board of Probation and Parole*, 48 Pa.Comm.Ct. 325, 409 A.2d 949 (1980). We view Judge Brown's order as a common-sense solution to a confusing situation, the confusion resulting from Judge Smillie's void order. Judge Brown was not required to "re-hear" the case and thus, did not "prejudge" the case when he failed to schedule hearings thereon as defendant suggests.

Order affirmed; defendant's Petition for Supersedeas denied.

MONTGOMERY, J., concurs in the result.