469 A.2d 687

**COMMONWEALTH of Pennsylvania**

v.

**John Michael ZUDER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1983.

Filed Dec. 30, 1983.

Michael R. Muth, Public Defender, Stroudsburg, for appellant.

Robert C. Lear, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

On January 3, 1979, appellant was convicted by a jury in the Court of Common Pleas of Monroe County of indecent exposure and open lewdness. Following the denial of his post-verdict motions, appellant appeared before the Honorable Harold A. Thomson, Jr. on April 9, 1980 for sentencing. For the crime of indecent exposure, the court ordered appellant to pay a fine of One Thousand Dollars and to undergo incarceration for a period of not less than six (6) months nor more than twenty-three (23) months. Sentence for the offense of open lewdness was suspended.

The Superior Court affirmed appellant's judgment of sentence in a per curiam order entered on October 16, 1981. *See Commonwealth v. Zuder,* 296 Pa.Superior Ct. 576, 438 A.2d 642 (1981). Appellant's petition for allowance of appeal was denied by the Supreme Court on January 29, 1982.

On April 10, 1980, in an entirely unrelated proceeding before the Honorable James R. Marsh of the Court of Common Pleas of Monroe County, appellant was found guilty of criminal trespass. Appellant was sentenced on June 12, 1981 to serve a term of imprisonment of between three (3) and twenty-three (23) months. Appellant was placed on parole on November 3, 1981. Such parole was revoked on February 1, 1982 and appellant was recommitted to serve the unexpired portion of his prison sentence imposed for the criminal trespass conviction. Subsequently, on June 18, 1982, appellant's parole was reinstated for the balance of his term of imprisonment.

Finally, on January 16, 1982, in yet another unassociated case, this one tried before Judge Thomson, appellant was acquitted of the charge of criminal homicide.

On February 8, 1982, approximately one week after appellant's parole on the criminal trespass conviction had been revoked by Judge Marsh, Judge Thomson entered the following order pertaining to the sentence he imposed on appellant on April 9, 1980 following appellant's conviction of indecent exposure and open lewdness:

ORDER

AND NOW, this 8th day of February, 1982, the Prothonotary of the Supreme Court of Pennsylvania having communicated with a statement that the Appeal of the Defendant has been denied, it is the Order of this Court that the Defendant commence serving his previously imposed sentence in this matter upon parole or expiration of his sentence imposed to No. 651–1979 for violation of parole.

BY THE COURT:

/s/   Harold A. Thomson, Jr.
Harold A. Thomson, Jr., J.

Appellant now appeals from that order, contending that insofar as his judgment of sentence had been affirmed by the Superior Court prior to the issuance of the above order, and in view of the fact that the order was entered, without a hearing or even notice of the order afforded to appellant or his counsel, nearly two years after the original sentence was imposed, the lower court lacked any authority to alter the terms of the original sentence by ordering that it be served consecutive to a subsequently imposed sentence. We agree.

We note initially that a trial court is not without any authority to alter or modify the terms of a sentence. Under the terms of 42 Pa.C.S.A. § 5505,[1] a court may alter an order, decree, judgment or sentence without the term of court or within thirty (30) days of the date of entry of the original order if the term of court terminates prior to the

1. 42 Pa.C.S.A. § 5505 is a substantial reenactment of the Act of June 1, 1959, P.L. 342, No. 70, § 1, 12 P.S. § 1032 (repealed). That statute provided as follows:

"In any civil, criminal or equitable proceeding in which the court has heretofore been vested with the power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, any order, decree, judgment or sentence only during the term of court in which the order, decree, judgment or sentence, was entered of record, the court in addition to such power, jurisdiction and authority, shall hereafter have the same power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, the order decree, judgement or sentence for a period of thirty days subsequent to the date of entering of record the order, decree, judgment or sentence, in any instance where the term of court shall terminate prior to such thirty day period: Provided, That all parties in interest, including the district attorney in criminal cases, are notified in advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or recission."

42 Pa.C.S.A. § 5505 now states that:
[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 5505 (effective June 27, 1978).

thirty day period, provided, however, that the court affords the parties with prior notice. *See* also *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978); *Commonwealth v. Canady*, 297 Pa.Superior Ct. 292, 443 A.2d 843 (1982); *Commonwealth v. Leatherbury*, 269 Pa.Superior Ct. 194, 409 A.2d 431 (1979); *Commonwealth v. Yoder*, 249 Pa.Superior Ct. 389, 378 A.2d 350 (1977). *Commonwealth v. Reed*, 254 Pa.Superior Ct. 461, 386 A.2d 41 (1978); *Commonwealth v. Horsman*, 239 Pa.Superior Ct. 534, 361 A.2d 433 (1976); and Pa.R.App.P. 1701.[2]

Viewed in light of the prescriptions of 42 Pa.C.S.A. § 5505, the actions of the lower court, which altered the terms of appellant's original sentence, were improper in that they were undertaken following the expiration of the original term of court as well as the applicable thirty day period, and deprived both appellant's counsel and the office of the district attorney of any advance notice of the alteration of sentence.

The salient point for purposes of our review of the propriety of the instantly-challenged order, however, is the fact that under the circumstances of the case at bar, § 5505 could *never* serve as authority for the lower court's actions, assuming *arguendo* that they were timely taken upon adequate notice to the parties, since the lower court was stripped of its power to alter the terms of the sentence when appellant perfected his appeal to the Superior Court. As Judge Hoffman ruled in *Commonwealth v. Hanlon*, 266 Pa.Superior Ct. 456, 405 A.2d 523 (1979):

Section 5505 only empowers the lower court to modify judgments of sentence within 30 days of entry *in cases where no appeal is taken. See Commonwealth v. Lauer*, 265 Pa.Super. 542, 402 A.2d 678 (1979). Where an appeal is taken and judgment of sentence is affirmed, the defendant must be committed on the terms of his original sentence. Pa.R.App.P. 1763. The lower court on remand

---

2. Pa.R.App.P. 1701 permits a trial court to alter or modify a sentence within a thirty day period upon the filing of a motion for reconsideration.

has no authority to alter the judgment of sentence where the appellate court has not.

*Id.*, 266 Pa.Superior Ct. at 457–458, 405 A.2d at 524 (Emphasis in original).

Convinced that the lower court acted beyond its authority in ordering that appellant's sentence for indecent exposure be served consecutively to that subsequently imposed for criminal trespass, we accordingly vacate as void the order of the lower court dated February 8, 1982.

The order of the lower court altering appellant's sentence is vacated and the judgment of sentence imposed on April 9, 1980 is reinstated.

