# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Fisher,                              :
                          Petitioner         :
                                             :
                  v.                         :     No. 585 C.D. 2019
                                             :     Submitted: February 14, 2020
Pennsylvania Board of Probation              :
and Parole,                                  :
                          Respondent         :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: April 8, 2020**

Anthony Fisher petitions for review of the April 9, 2019 Order of the Pennsylvania Board of Probation and Parole[1] (Board) that denied Fisher's Petition for Administrative Review to the extent it challenged the recalculation of Fisher's parole violation maximum date from April 3, 2027, to August 9, 2030, due to Fisher's recommitment as a convicted parole violator (CPV), but granted Fisher an additional day of confinement credit thereby reducing Fisher's parole violation maximum date to August 8, 2030. Fisher is represented by Jessica A. Fiscus, Esquire

_____

[1] Subsequent to the filing of the Petition for Review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

(Counsel), of the Erie County Public Defender's Office. Counsel has filed an Application to Withdraw Appearance (Application to Withdraw) and a No-Merit Letter, which are based on her conclusion that Fisher's Petition for Review, filed on May 13, 2019, is without merit because the issues raised therein cannot be reviewed due to its untimely filing with this Court. Fisher filed a response to the Application to Withdraw, in which he asserts his Petition for Review is not from the Board's April 9, 2019 Order, but the Notice of Board Decision issued on April 12, 2019, which makes the Petition for Review timely. For the following reasons, we grant Counsel's Application to Withdraw and dismiss Fisher's Petition for Review as untimely.

On February 15, 2013, the Board paroled Fisher from his original sentence,[2] which had a maximum date of April 3, 2027, and he was released on April 15, 2013. The Philadelphia Police Department arrested Fisher on January 10, 2014, on new drug charges. The Board issued a Warrant to Commit and Detain Fisher on January 11, 2014. (Certified Record (C.R.) at 13.) Fisher did not post bail on the new charges, but, on February 4, 2014, his bail was reduced, and he was released on his own recognizance. The charges were *nolle prossed* on October 30, 2014. On March 30, 2015, Fisher was again arrested on new drug charges, and the Board issued a Warrant to Commit and Detain Fisher on March 31, 2015. Fisher did not post bail on these new criminal charges. However, these charges, too, were *nolle prossed* on April 8, 2016. In each instance, the Board ordered Fisher to be detained pending the disposition of the new criminal charges.

---

[2] Fisher was found guilty on multiple drug charges and was sentenced to 6 years to 20 years of incarceration, with 2 additional sentences of 6 years to 20 years of incarceration to run concurrently with the first. (Sentence Status Summary, Certified Record (C.R.) at 1-2.)

2

Fisher was arrested by the Philadelphia Police Department on April 5, 2017, on new criminal charges relating to the sale of drugs and possession of a firearm, and the Board issued a Warrant to Commit and Detain Fisher on the same day. (Warrant to Commit and Detain, C.R. at 48; Arrest Report, C.R. at 49-50; Criminal Arrest and Disposition Report, C.R. at 52.) Fisher did not post bail on these new charges. (C.R. at 87.) Fisher waived a detention hearing on April 25, 2017, and the Board ordered him detained pending disposition of these new criminal charges. (Waivers, C.R. at 58; Notice of Board Decision, C.R. at 65.) On January 22, 2018, Fisher pled guilty to one drug charge, for which he was sentenced to two years, six months to five years of incarceration followed by four years of probation, and to one charge of possession of a firearm by someone prohibited from carrying a firearm, for which he was sentenced to a maximum of four years of county probation. (Order (Negotiated Guilty Plea), C.R. at 84.) The Board issued a Notice of Charges and Hearing on his new conviction, and Fisher waived his rights to counsel and a revocation hearing and admitted that he had been convicted of those charges. (C.R. at 71, 73.)

The Board issued an Order to Recommit Fisher which reflected that Fisher received credit for 674 days for his confinement from January 11, 2014, to November 4, 2014, and from March 31, 2015, to April 11, 2016, related to the criminal charges that were *nolle prossed*. (*Id.* at 97.) It further indicated Fisher received credit for one day of presentence confinement on the new charges of which he was convicted while he was confined solely on the Board's Warrant. (*Id.*) The Board did not credit Fisher for the time he spent at liberty on parole, also known as street time. After these credit determinations, the Board concluded Fisher had 4426 days remaining on his original sentence and, adding that number to June 27, 2018,

3

his return to custody date, resulted in a new parole violation maximum date of August 9, 2030. (*Id.*) By Notice of Board Decision mailed on August 8, 2018, the Board recommitted Fisher as a CPV to serve 24 months of backtime, indicated that he was not eligible for reparole until June 26, 2020, and explained it did not give him credit for his street time because his conviction involved the possession of a weapon. (*Id.* at 99-100.)

On August 17, 2018, Fisher filed a Petition for Administrative Review challenging, respectively, his recommitment date and reparole eligibility date. (*Id.* at 101, 103.) Fisher contended his custody for return date should be January 24, 2018, the date he was returned to a state correctional institution, (Moves Report, C.R. at 96), not June 27, 2018, and, based on that new date, his reparole eligibility should be January 24, 2020, (Administrative Remedies Form, C.R. at 101).[3] The Board responded by Order mailed April 9, 2019, in which it granted Fisher's Petition for Administrative Review in part and denied it in part. (C.R. at 121-22.) The Board granted Fisher an additional day of confinement credit against his original sentence and stated that "a new decision w[ould] be mailed to [him] reflecting this change." (*Id.* at 121.) Beyond this additional day, the Board held that its recalculation of Fisher's parole violation maximum date and reparole eligibility date were accurate and explained those calculations. In particular, the Board stated that Fisher's recommitment as a CPV did not occur until June 27, 2018, when the Board received the necessary number of votes to recommit him as such, and it is from that date that

_____

[3] Prior to receiving a response from the Board, Fisher applied for early review for parole on March 21, 2019, based on his serving one-half of his backtime if one used the January 2018 recommitment date and the fact that the crime that resulted in his being recommitted as a CPV was not one of violence. (C.R. at 104-05.) The Board responded by letter dated April 5, 2019, dismissing Fisher's request and informing him he could apply for parole after July 27, 2019. (*Id.* at 106.)

his new parole violation maximum and reparole eligibility dates were calculated. (*Id.* at 121-22.)

In accordance with its April 9, 2019 Order, the Board issued a modified Order to Recommit, reflecting the additional day of confinement credit and changing Fisher's parole violation maximum date from August 9, 2030, to August 8, 2030. (*Id.* at 119.) It also issued a new Notice of Board Decision, dated April 9, 2019, and mailed on April 12, 2019, modifying its prior decision, mailed on August 8, 2018, to reflect the additional day of credit toward Fisher's original sentence and the recalculation of his parole violation maximum date to August 8, 2030. (*Id.* at 123.)

On May 13, 2019, Fisher filed a Petition for Review challenging the April 9, 2019 Order[4] on the bases that there is a period of time, between January 17, 2018, and July 27, 2018, for which he did not receive credit against any of his sentences and that the Board cannot extend his judicially imposed maximum sentence beyond its original date of April 3, 2027. (Petition for Review at 2-4.) This Court appointed Counsel to represent Fisher. After meeting with Fisher, Counsel filed, on or about July 3, 2019, an Amended Petition for Review, asserting the Board erred in recalculating Fisher's parole violation maximum and reparole eligibility dates and violated the separation of powers doctrine by imposing a maximum date that exceeded the one imposed by the sentencing court. (Amended Petition for Review at 2.) By per curiam order filed July 18, 2019, this Court directed the parties "to address the timeliness of the [P]etition for [R]eview in their briefs or to file an appropriate application for relief" due to the fact that it appeared Fisher's Petition

---

[4] Fisher's Petition for Review suggests that the Board's April 9, 2019 Order was in response to his March 2019 Application for Early Review for Parole; however, the April 9, 2019 Order clearly states it is in response Fisher's Petition for Administrative Review. (Petition for Review ¶ 5; April 9, 2019 Order, C.R. at 121-22.)

for Review may be untimely. *Fisher v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 585 C.D. 2019, filed July 18, 2019).

On August 12, 2019, Counsel filed her Application to Withdraw averring that, after reviewing the Certified Record, the case law, and the documents in her file, she has concluded that Fisher's appeal is without merit. (Application to Withdraw ¶ 2.) In the Application, Counsel indicates she notified Fisher of her request to withdraw and advised him of his right to retain new counsel or represent himself, and transmitted a copy of the Court's July 18, 2019 order and the Certified Record to Fisher. (*Id.* ¶¶ 3-4; Ex. A to the Application to Withdraw.) Attached as an exhibit to the Application is Counsel's letter to Fisher setting forth her review, her conclusion that his appeal lacks merit, and his right to obtain new counsel or represent himself, and that she was providing him with a copy of her No-Merit Letter explaining her conclusion. (Ex. A at 1.) In the No-Merit Letter, Counsel explains that, after reviewing the relevant facts, Fisher's filings with this Court, the Court's July 18, 2019 order, case law, rules of court, and statutory provisions, "the Petition for Review was filed in an untimely manner," "Fisher's issues cannot be reviewed due to the untimeliness of the Petition for Review," and, therefore, "the Petition for Review lacks merit as the Commonwealth Court lacks jurisdiction to review it." (No-Merit Letter at 1, 5.) Counsel notes that Fisher's explanation was that he did not receive the Board's April 9, 2019 Order until April 12, 2019, which is insufficient because it is the mailing date that is relevant, and that Fisher had not provided her with information that would entitle him to *nunc pro tunc* relief. (*Id.* at 4.)

In an order filed on August 15, 2019, this Court directed Fisher to obtain substitute counsel or to file a brief on his own behalf, and for Counsel to serve Fisher

6

with that order. Counsel filed a certificate of service reflecting service of the August 15, 2019 Order on Fisher. Fisher has filed an "Opposition to No Merit Letter" (Opposition), in which he explains why he disagrees with Counsel's conclusion that his appeal is untimely, and, therefore, lacks merit. Fisher contends Counsel's analysis is erroneous because his Petition for Review is from the Notice of Board Decision mailed on April **12**, 2019, which would make his May **13**, 2019 Petition for Review timely.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, the *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the *Turner* letter, "a copy of counsel's petition to withdraw," and a statement advising the petitioner of his right to proceed with new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.* (citation omitted).

Here, we conclude Counsel has complied with the procedural requirements of *Turner*. As we have described, Counsel has explained the nature and extent of her review of the record and has provided a thorough analysis of why she believes Fisher's Petition for Review lacks merit due to it being untimely filed. Although Counsel has not set forth the issues raised in Fisher's Petition for Review and explained why those issues lack merit, this Court has recognized the untimeliness of

a petition for review as a valid basis for appointed counsel to seek withdrawal of his or her appearance. *See Murph v. Pa. Bd. of Prob. & Parole*, 641 A.2d 1275, 1276-77 (Pa. Cmwlth. 1994) (concluding untimely petition for review rendered appeal "wholly frivolous"); *Hillanbrand v. Pa. Bd. of Prob. & Parole*, 508 A.2d 375, 377-79 (Pa. Cmwlth. 1986) (same).[5] Counsel served copies of both the Application to Withdraw and No-Merit Letter on Fisher and the Board and provided Fisher with a copy of the Certified Record. In Counsel's No-Merit Letter and in serving Fisher with the Court's August 15, 2019 order, Counsel has informed Fisher that he could retain substitute counsel or file a brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*. Accordingly, we must now independently review Fisher's Petition for Review to determine if, indeed, Counsel is correct that it lacks merit on the basis that it was untimely, thereby depriving this Court of jurisdiction to review the issues raised therein.

Pennsylvania Rule of Appellate Procedure 1512(a)(1), Pa.R.A.P. 1512(a)(1), provides that "[a] petition for review of a quasijudicial order . . . , shall be filed with the prothonotary of the appellate court **within 30 days** after the entry of the order." (Emphasis added.) This rule applies to appeals from decisions of the Board. *Murph*, 641 A.2d at 1277. "The timeliness of an appeal . . . go[es] to the jurisdiction of the court to hear and decide the appeal." *Hillanbrand*, 508 A.2d at 377 (internal quotation and citation omitted). "[T]he time for taking an appeal cannot be extended as a matter of grace or indulgence." *J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 785 (Pa. Cmwlth. 2005) (internal quotation and citation omitted).

---

[5] The "wholly frivolous" standard, which is applied where the right to counsel is constitutional, is a slightly higher standard than the "without merit" standard applied in situations where, as here, the right to counsel is statutorily based. *Zerby*, 964 A.2d at 960.

8

Fisher's Petition for Review expressly states that it is challenging the Board's April 9, 2019 Order. (Petition for Review ¶ 5.) To be timely, that Petition for Review had to have been filed by Thursday, May 9, 2019. It was not filed by that date, but was filed on Monday, May 13, 2019, making it untimely under Rule 1512(a)(1). *Murph*, 641 A.2d at 1277. Although Fisher contends in his Opposition that his Petition for Review is challenging the Board's Notice of Decision mailed on April 12, 2019, the language of the Petition for Review does not support this contention. Moreover, as Counsel's No-Merit Letter points out, the Board's April 9, 2019 Order "was the decision that denied [Fisher] relief on the claim raised in his request for administrative relief." (No-Merit Letter at 4-5.) The April 9, 2019 Order "was the final order because it was the Board's definitive response to [Fisher's] application for review." *Manuel v. Pa. Bd. of Prob. & Parole*, 463 A.2d 1236, 1237-38 (Pa. Cmwlth. 1983). Appellate jurisdiction over a Board decision does not attach until the Board issues a final appealable order, which, as here, denies a parolee's request for administrative relief, and an appeal is taken therefrom. *Bowman v. Pa. Bd. of Prob. & Parole*, 709 A.2d 945, 949 (Pa. Cmwlth. 1998). The April 12, 2019 Notice of Decision simply advised Fisher that the Board was modifying its prior decision mailed on August 8, 2018, to reflect the correct parole violation maximum date after the Board concluded, in its April 9, 2019 Order, that Fisher was entitled to an additional day of confinement credit. Therefore, it was not a final, appealable order of the Board.

Fisher's failure to timely file a petition for review challenging the Board's April 9, 2019 Order deprives this Court of jurisdiction to address the merits of the issues raised in the Petition for Review. Counsel "was, therefore, properly discharging [her] duty to both [her] client and the Court by concluding that the

9

appeal was [without merit] due to untimeliness and seeking the Court's leave to withdraw." *Hillanbrand*, 508 A.2d at 378-79. Accordingly, Counsel's Application to Withdraw is granted, and Fisher's Petition for Review is dismissed as untimely.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Fisher,                          :
                 Petitioner          :
                                :
                 v.          :     No. 585 C.D. 2019
                                :
Pennsylvania Board of Probation          :
and Parole,                              :
                 Respondent          :

## O R D E R

NOW, April 8, 2020, the Application to Withdraw Appearance filed by Jessica A. Fiscus, Esquire, is **GRANTED**, and Anthony Fisher's Petition for Review of the Pennsylvania Board of Probation and Parole's April 9, 2019 Order that was filed on May 13, 2019, is **DISMISSED** as untimely.

 

 

_____
**RENÉE COHN JUBELIRER,** Judge