John E. Albright, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs October 4, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*John E. Albright,* petitioner, for himself.

*Jean E. Graybill,* Assistant Counsel, for respondent.

PER CURIAM OPINION, January 11, 1983:

John Albright appeals a Department of Public Welfare order affirming Keystone Legal Services' refusal to provide legal counsel. We affirm.

Albright filed an action in the Clearfield County Common Pleas Court and was non-suited on November 2, 1978. In July of 1980, he sought Keystone's representation to appeal that order. Keystone declined because the case was fee-generating and, in its opinion, such a late appeal would constitute a frivolous lawsuit. The Department of Public Welfare agreed.

We affirm solely on the ground of the stricture defined in the Model Code of Professional Responsibility.

EC 7-4 (1974) states:

The advocate may urge any permissible construction of the law favorable to his client, without regard to his professional opinion as

to the likelihood that the construction will ultimately prevail. His conduct is within the bounds of the law, and therefore permissible, *if the position taken is supported by the law or is supportable by a good faith argument for an extension, modification, or reversal of the law. However, a lawyer is not justified in asserting a position in litigation that is frivolous.* (Emphasis added.)

Nowhere has Albright alleged any basis in law for an appeal. Keystone was not only justified in refusing to represent Albright but was mandated to do so.

Affirmed.

### PER CURIAM ORDER

Now, this 11th day of January, 1983, the order of the Department of Public Welfare dated September 17, 1980, is hereby affirmed.