Wyman Scott, Petitioner *v.* Fred Jacobs, Chairman, Pennsylvania Board of Probation and Parole et al., Respondents.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert Greevy,* Chief Counsel, for respondents.

PER CURIAM OPINION, August 4, 1983:

Counsel appointed to represent the Petitioner[1] in this case has filed a petition for leave of court to withdraw his appearance because counsel has deter-

---

[1] Wyman Scott.

mined that Petitioner's appeal is frivolous. Counsel has furnished us with an "Anders" brief.[2]

In *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981) our Supreme Court mandated that before a request to withdraw may be considered, counsel must: 1) notify the client of his request to withdraw, 2) furnish the client with a copy of his Anders brief, and 3) advise his client of his right to retain new counsel or raise any points he may deem worthy of consideration in a pro se brief.

The record before us does not indicate that a copy of counsel's petition to withdraw was served upon his client nor is there any evidence that he advised his client of the right to retain new counsel or raise any point the client may deem worthy in a pro se brief.

Under these circumstances, we must deny counsel's petition without prejudice to his right to resubmit his petition after he has complied with the requirements of *McClendon* or, in the alternative, counsel may submit an advocate's brief. *Commonwealth v. Walker*, Pa. Superior Ct. , 457 A.2d 571 (1983).

### Per Curiam Order

The petition of Timothy P. Wile, Esquire to withdraw as counsel is denied without prejudice to resubmit in a manner consistent with the foregoing opinion. Jurisdiction retained.

---

[2] In *Anders v. California*, 386 U.S. 738 (1967), it was held that if counsel, after a conscientious examination of the case, determines that a case is wholly frivolous, it is counsel's duty to advise the court and request permission to withdraw. This Court recently held that where counsel determined that a late appeal would constitute a frivolous law suit, counsel's refusal to represent a client was not only justified but mandated by the canons of professional responsibility. *Albright v. Department of Public Welfare*, 71 Pa. Commonwealth Ct. 114, 454 A.2d 1149 (1983).