506 A.2d 517

Daniel Burgos Santiago, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 9, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Daniel Burgos Santiago,* petitioner, for himself.

*Wendie Ziegler,* Assistant Public Defender; for respondent.

· OPINION BY SENIOR JUDGE BARBIERI, March 19, 1986:

Daniel Burgos Santiago has petitioned for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board parole revocation order. That revocation order revoked his parole and returned him to prison as a convicted parole violator to serve fifteen months on backtime, when available. Since Santiago was incarcerated at the State Correctional Institution at Rockview (SCI-Rockview) when he filed his pro se petition for review, this Court appointed the Public Defender of Centre County to represent him in his appeal pursuant to our holding in *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981).[1] Santiago's counsel has since filed a

---

[1] Our decision in *Passaro* requires that the public defender of the county in which an indigent parolee is incarcerated provide representation, upon proper request, to such parolees in parole revocation proceedings before the Board and in administrative and judicial appeals from Board revocation orders. While the General Assembly has failed to so specify in the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended,* 16 P.S. §§9960.1-9960.13, an "indigent prisoner" so as to be entitled to the services of the public defender under *Passaro* is any person incarcerated who, for lack of sufficient funds, is unable to procure legal counsel. Section 6 of the Public Defender Act, 16 P.S. §9960.6, *See also Commonwealth v. Hughes,* 19 Chest. 254 (Pa. C.P. 1971); *cf. Commonwealth v. Hallman,* 3 Pa. D. & C. 2d 233, 235 (C.P. Montgomery 1954) ("indigent" as used by the Section 3 of the Sup-

petition to withdraw and an *Anders*[2] brief on the grounds that the appeal is wholly frivolous. Santiago has answered counsel's motion to withdraw and filed a pro se brief in which he raises those points which he considers worthy of merit. It is counsel's petition to withdraw which is before the Court at this time.

The following facts are pertinent to our disposition of this matter. Santiago was initially sentenced in Lancaster County Common Pleas Court on June 13, 1980 to a term of three to six years following his conviction for the offense of Robbery.[3] That sentence was modified by Judge BUCHER on June 27, 1980 to time served to four years, eleven months, and twenty-nine days. The original maximum term expiration date of that sentence was January 14, 1984, Santiago being given credit for one-year, four months, and twenty-eight days prior commitment time.[4] He was paroled from the Lancaster County Prison on December 22, 1980.[5]

---

port Law, Act of June 24, 1937, P.L. 2045, *as amended,* 62 P.S. §1973, means a person who is needy, destitute of means). Section 6 of the Public Defender Act also requires that every person who requests legal counsel under the Public Defender Act sign an affidavit that he or she is unable to procure sufficient funds to obtain legal counsel to represent him and to provide, under oath, such other information as may be required by the court. Santiago filed such an affidavit with his motion to proceed in forma pauperis and for appointment of counsel which accompanied his pro se petition for review.

[2] *Anders v. California,* 386 U.S. 738 (1967).

[3] 18 Pa. C. S. §3701.

[4] The Initial Sentence Status Report, Bureau (now Department) of Corrections Form JBC-30A, dated December 28, 1983, shows that Santiago served one-year, four months, and twenty-eight days in confinement on this sentence prior to being resentenced to time served to four years, eleven months, and twenty-nine days.

[5] While Santiago was resentenced to a time served minimum by Judge BUCHER on June 27, 1980, Judge BUCHER did not have the authority to release him on parole as his maximum term totaled two

Santiago was arrested by Lancaster County Police on December 28, 1980 and charged with Burglary.[6] He was sentenced to a term of one to three years following his plea of guilty to that offense. On November 9, 1981, the was given a Full Board Revocation Hearing at which time he waived counsel representation. On November 12, 1981, the Board revoked his parole and ordered that he be returned to prison as a convicted parole violator to serve fifteen months on backtime, when available.[7] He was transferred on December 28, 1983 from Lancaster County Prison to SCI-Rockview. On that date he completed serving the maximum term of his Burglary sentence and became available to the Board to serve the backtime imposed by its order of November 12, 1981. On January 10, 1984, the Board entered an order in which it reaffirmed its revocation order of November 12, 1981 and set a tentative re-parole date of March 28, 1985 and recomputed the maximum term of his Robbery sentence pursuant to Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *added* by the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S.

years or more. Under Section 17 of the Parole Act, 61 P.S. §331.17, the Board has *exclusive* authority to grant paroles to persons sentenced to a maximum term of two years or more. *Tillman v. Pennsylvania Board of Probation and Parole*, 48 Pa. Commonwealth Ct. 325, 409 A.2d 949 (1980). The Board did not grant Santiago parole on this sentence until December 22, 1980 at which time he was released from Lancaster County Prison.

[6] 18 Pa. C. S. §3502.

[7] Santiago was not available to the Board to serve the fifteen months backtime it imposed in its order of November 12, 1981 in that he was currently serving the one to three-year sentence imposed for his burglary conviction. It was not until he was released from that sentence, either by a grant of parole or completion of its maximum term, did be become available to the Board. *See Weyand v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 32, 503 A.2d 80 (1986).

§331.21a(a), to January 20, 1987.[8] Santiago pursued both a pro se and a counseled administrative appeal with the Board pursuant to 37 Pa. Code §71.5(h) which were subsequently denied and this appeal followed.

In his appeal to this Court, Santiago and his appointed appellate counsel raise two contentions: (1) that the Board is confining him illegally in that he has completed the maximum terms of both his Robbery and Burglary sentences; and (2) that he was improperly transferred from Lancaster County Prison to SCI-Rockview. Appointed appellate counsel filed an Amended Petition for Review and subsequently filed a motion to withdraw as well as an *Anders* brief, both of which have been served upon Santiago. Santiago has since filed a pro se brief in which he challenges the conclusions of his appointed counsel that his appeal is frivolous and requests that this Court appoint him new counsel. Santiago has also claimed that his appointed counsel is ineffective and requests appointment of substitute counsel.

Before ruling on appointed counsel's motion to withdraw, we must first determine whether counsel has complied with the threshhold requirements which we set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985), for properly presenting a motion to withdraw to this Court for disposition. In *Craig*, we determined that in order for appointed counsel to be granted leave to withdraw from representing an indigent parolee in an appeal of a parole revocation order, counsel must:

---

[8] In Section 21.1(a) of the Parole Act, the General Assembly has mandated that prisoners who are granted parole and are later returned to prison as convicted parole violators for new crimes are entitled to no credit against their original sentences for time spent "at liberty on parole."

(1) Notify the parolee of his or her request to withdraw;

(2) Furnish the parolee with a copy of his or her Anders brief;

(3) Advise the parolee of his or her right to retain new counsel or raise any points which he or she may deem worthy of consideration in a pro se brief; and

(4) Allow the parolee thirty days in which to respond to counsel's motion to withdraw either by filing a pro se brief or procuring substitute counsel.

*Id.* at , 502 A.2d 760. *See also, Scott v. Jacobs,* 76 Pa. Commonwealth Ct. 100, 463 A.2d 110 (1983). Our review of the record satisfies us that counsel has complied with those requirements and that the matter is ripe for our consideration. We also note that Santiago has filed a pro se brief in which he raises a number of points which he contends were either ignored or overlooked by counsel.

Once counsel has concluded, after a full examination of the record, that an appeal is wholly frivolous, it becomes our responsibility as the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous. *Craig,* 93 Pa. Commonwealth Ct. at 593, 502 A.2d at 761. Our review of the record in this matter compels us to concur with counsel's judgment that the appeal is wholly frivolous and that under no conceivable legal argument or theory would Santiago be entitled to the relief he seeks.[9] Additionally, we have

---

[9] In his pro se brief, Santiago contends that the Board erred in computing the confinement credit to which he is entitled on his original Robbery sentence. He argues that he had been given four years, eleven months, and twenty-eight days confinement credit as of June 27, 1980, on a sentence of time served to six years. He

determined that the brief submitted by appointed counsel satisfies the mandates of *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), and *Craig*.

Having found from our independent study of the record that the appeal is wholly frivolous, we grant counsel's request to withdraw. We must now turn our attention to Santiago's request for appointment of substitute legal counsel.

There is no question that an indigent prisoner is entitled to free legal counsel to assist him in appealing a parole revocation order of the Board. *See Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981); *Brewer v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985). Having appointed counsel who has conscientiously searched the record and has concluded that the case is wholly frivolous and entirely without merit, we must now determine whether an indigent prisoner has a right to free substitute legal counsel to review the work of the first appointed counsel, in essence, a legal "second opinion." Our review of the case law convinces us that he does not. In *LaCourt v. Pennsylvania Board*

---

attached a copy of the Initial Sentence Status Report, Form JBC-30A, to his pro se brief which clearly shows that he was entitled to only one year, four months, and twenty-eight days confinement credit on this sentence. The four years, eleven months, and twenty-nine days, which Santiago mistook for confinement credit, is the revised maximum term following his resentencing by Judge BUCHER on June 27, 1980. Since Santiago was arrested in 1978 for the Robbery charge, it is impossible that he would have amassed nearly five years confinement credit against that sentence by mid-1980.

With regard to the contention that he was improperly transferred from Lancaster County Prison to SCI-Rockview, Santiago concedes in his pro se brief that this contention is without merit.

*of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985), we noted that:

> [W]hile an indigent parolee facing revocation of his or her parole is entitled to appointed counsel to represent him before the Board, .... an indigent parolee does not have the right to appointed counsel of his or her choice.... A parolee's right to counsel guarantees only that an indigent parolee be provided with counsel who is competent and who represents his best interests in an effective manner.

*Id.* at 390, 488 A.2d at 74-75. Counsel is not ineffective or acting contrary to the best interests of his or her client when, after a conscientious review of the record, counsel correctly determines that the case is wholly frivolous and seeks leave of court to withdraw. Indeed, once counsel has determined that a matter is wholly frivolous, counsel is duty bound to communicate that conclusion to the client with a request to discontinue the appeal and, if the client fails or refuses to do so, to seek leave to withdraw. Code of Professional Responsibility, DR 7-102(A)(2) and EC 7-4; *see also, Polk County v. Dodson,* 454 U.S. 312, 323 (1981). In addition, our Supreme Court concluded that once a reviewing court is satisfied with counsel's assessment of the appeal as wholly frivolous, counsel has fully discharged his responsibility to the prisoner and can do no more. *McClendon,* 495 Pa. at 473-474, 434 A.2d at 1187. Therefore, since this Court agrees with Santiago's appointed appellate counsel's conclusion that his appeal is wholly frivolous, she has fully discharged her duty and responsibility to him and he is not entitled to appointment of substitute counsel at public expense.

Because of our conclusion that the appeal is entirely without merit and there can be no basis for the relief

sought, we also affirm the Board's order which denied Santiago administrative relief.

ORDER

NOW, March 19, 1986, after an extensive and independent examination of the entire record, the petition of Wendie Ziegler, Esquire, for leave to withdraw as counsel for petitioner is hereby granted and counsel's entry of appearance on behalf of petitioner is ordered stricken. In that the Court's independent examination of the record has shown this appeal to be wholly frivolous, the order of the Pennsylvania Board of Probation and Parole at Parole No. 2850-P, dated April 3, 1984, and July 3, 1984, which denied administrative relief to Daniel Burgos Santiago, are hereby affirmed.