508 A.2d 375

Edward Hillanbrand, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 3, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Scott F. Breidenbach,* Assistant Public Defender, for petitioner.

No appearance for respondent.

OPINION BY SENIOR JUDGE BARBIERI, April 23, 1986:

Edward Hillanbrand has petitioned for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board parole revocation order. That revocation order revoked his parole and recommitted him to prison to serve twenty-four months on backtime as a technical parole violator and fifteen months on backtime as a convicted parole violator, for a total of thirty-nine months

on backtime. In that Hillanbrand was incarcerated at the State Correctional Institution at Graterford (SCI-Graterford) at the time he filed his pro se petition for review, and had filed affidavit of indigency as requird by Section 6(b) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended,* 16 P.S. §9960.6(b), we appointed the Public Defender of Montgomery County to represent him in this appeal. *See Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981); *Brewer v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985). Following receipt of the Board's certified record, the public defender filed a motion to withdraw as counsel on the ground that the appeal was wholly frivolous due to Hillanbrand's failure to file his appeal within thirty days of the Board's administrative order and has filed an *Anders*[1] brief. Hillanbrand has filed an answer to counsel's motion to withdraw in which he requested appointment of different counsel. It is the public defender's motion to withdraw and Hillanbrand's cross-motion for appointment of different counsel which is before the Court at this time.

The following facts are pertinent to our disposition of the motions presently before us. Hillanbrand was initially sentenced to a term of two to ten years in the Court of Common Pleas of Philadelphia County following his conviction for the offense of Robbery.[2] He was granted parole by the Board on that sentence effective February 14, 1983, at which time he was released from the State Correctional Institution at Rockview (SCI-Rockview).

---

[1] *Anders v. California,* 386 U.S. 738 (1967).
[2] 18 Pa. C. S. §3701.

Hillanbrand was arrested on June 19, 1984 by parole agents on technical parole violation charges.[3] In addition to those technical violation charges, he subsequently was convicted of new criminal charges in Montgomery County Common Pleas Court.[4] On April

---

[3] When parole agents arrived at Hillanbrand's Conshohocken residence on June 19, 1984 to arrest him as a technical parole violator, the only technical parole violations that were to be brought were violation of general condition 3C, failing to notify the parole supervision staff of any change in employment status, and general condition 5A, possession and use of dangerous narcotics and controlled substances without a valid prescription. These violations stemmed from Hillanbrand quitting his job on April 14, 1984 and failing to so inform his parole agent and a positive urinalysis of a sample he submitted on June 4, 1984. However, upon the agents identifying themselves and their purpose, Hillanbrand attempted to bar the agents' entry into his apartment building and also attacked one of the agents with a pool cue. He then fled out the second floor rear window of his apartment but was quickly apprehended by another parole agent in the parking lot where he hid under a vehicle. As a result of this incident, additional technical parole violation charges of violation of general condition 5B, possession of a weapon, the pool cue, and general condition 5C, assaultive behavior, were brought against Hillanbrand. Hillanbrand also pled guilty in Montgomery County Common Pleas Court on February 6, 1985 before President Judge LOWE to the charges of Simple Assault (18 Pa. C. S. §2701) and Resisting Arrest (18 Pa. C. S. §5104) at which time he was sentenced to two years county probation plus fines and costs.

[4] On January 9, 1985, Hillanbrand appeared in Montgomery County Common Pleas Court before Judge YOHN and pled guilty to the charge of Criminal Attempt, Unauthorized Use of Credit Cards (18 Pa. C. S. §901). This charge arose out of an incident which took place on May 2, 1984 at the Sears and Roebuck store at King of Prussia, where Hillanbrand attempted to purchase $34.99 worth of merchandise from the men's department using a Sears credit card which had been reported stolen. Hillanbrand fled the store upon the arrival of a Sears security officer. The sales clerk subsequently identified him in a photographic line-up. Hillanbrand was sentenced to pay a fine of $100.00 and costs upon his release from prison.

12, 1985, he was given a parole Violation and Revocation Hearing at SCI-Graterford before a Board hearing examiner. He was represented by privately-retained counsel at that hearing. Following that hearing, the Board, by order dated May 29, 1985, revoked his parole and ordered that he be recommitted as a technical and convicted parole violator, as noted, to serve a total of thirty-nine months on backtime. He filed a pro se administrative appeal with the Board pursuant to 37 Pa. Code §71.5(h) which was denied on July 26, 1985. Thereafter he filed a pro se petition for review and an application to proceed in forma pauperis and for appointment of counsel. The public defender who was appointed to represent him, as noted, has since filed a motion to withdraw accompanied by an *Anders* brief. After Hillanbrand was transferred from SCI-Graterford to SCI-Rockview, he filed his answer to the public defender's motion to withdraw in which he requested that this Court appoint different counsel.

The public defender's motion to withdraw is based upon his conclusion that this appeal is wholly frivolous due to Hillanbrand's failure to file his petition for review within thirty days of the Board's order which denied him administrative relief. Hillanbrand's cross-motion for appointment of different counsel is based upon his transfer by the Department of Corrections from SCI-Graterford, in Montgomery County, to SCI-Rockview, in Centre County, which transfers the obligation to represent him from the public defender of Montgomery County to the public defender of Centre County under this Court's decision in *Brewer*. We shall address these matters in the order stated.

We have previously held, in the context of an appeal of a Board parole revocation order, that a necessary prerequisite to appointed counsel requesting leave of this Court to withdraw from representing an indigent

prisoner is counsel's conclusion, after conducting an exhaustive examination of the record, that the appeal is wholly frivolous. *Winters v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 236, 247, 503 A.2d 488, 494 (1986); *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 586, 592, 502 A.2d 758, 761 (1985); *Scott v. Jacobs,* 76 Pa. Commonwealth Ct. 100, 463 A.2d 110 (1983). *But see Toth v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 19, 466 A.2d 782 (1983) (Right to withdraw recognized under Disciplinary Rule 2-110(C)(1)(d) of the Code of Professional Responsibility where the client's conduct renders it unreasonably difficult for the lawyer to carry out his employment effectively). Once counsel has concluded that the appeal is wholly frivolous, counsel must: (1) notify the prisoner of his request to withdraw; (2) furnish the prisoner with a copy of the *Anders* brief filed in the matter; and (3) advise the prisoner that he has a right to retain new counsel or raise any points which he deems worthy of merit in a pro se brief. At that point this Court allows the prisoner thirty days in which to respond to counsel's motion to withdraw either by retaining new counsel or filing a pro se brief. *Santiago v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 51, 56, 506 A.2d 517, 519 (1986); *Craig,* 93 Pa. Commonwealth Ct. at 590, 502 A.2d at 760. Our examination of the record before us satisfies us that the public defender here has met the requirements set forth in *Craig* and *Santiago* and that the matter is ripe for our disposition.

Once counsel has complied with the requirements of *Craig,* it becomes our responsibility, as the reviewing court, to make a full examination of the record to decide whether the appeal is in fact wholly frivolous. *Craig,*

93 Pa. Commonwealth Ct. at 593, 502 A.2d at 761; *see also Commonwealth v. McClendon*, 495 Pa. 467, 471, 434, A.2d 1185, 1187 (1981). We have, therefore, reviewed the entire record and concur in the public defender's judgment that this appeal is wholly frivolous. We have also reviewed the brief filed by the public defender and are satisfied that it meets the requirements of *Anders* and *McClendon*.

The record shows that the Board's order which denied Hillanbrand administrative relief was dated July 26, 1985. Under the Board's administrative relief regulation, 37 Pa. Code §71.5(h), the Board's order becomes a final, appealable order upon that date. At that point, Hillanbrand had thirty days in which to file his petition for review with this Court. Pa. R.A.P. 1512(a)(1). The record clearly shows that Hillanbrand did not mail his petition to review to this Court until August 28, 1985 and it was not received and filed by our Prothonotary's Office until August 30, 1985, both of which are beyond the thirty day appeal period of Pa. R.A.P. 1512(a)(1). An appellate court may not enlarge the time for filing a petition for review. Pa. R.A.P. 105(b). As we noted in *Altieri v. Pennsylvania Board of Probation and Parole*, 88 Pa. Commonwealth Ct. 592, 495 A.2d 213 (1985):

> The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. ... The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers. (Citations omitted.)

88 Pa. Commonwealth Ct. at 593, 495 A.2d at 214, *see also St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 561, 493 A.2d 146 (1985). Since no fraud or breakdown in the court's

operations is alleged, Hillanbrand's failure to file a timely petition for review deprives this Court of jurisdiction to consider the merits of his contentions. *See also Moore v. Pennsylvania Board of Probation and Parole,* Pa. Commonwealth Ct. , 503 A.2d 1099 (1986) (Board's negligence in mailing revocation order to wrong address resulting in the prisoner failing to receive notice amounted to a breakdown in operations allowing the prisoner to file administrative appeal nunc pro tunc). The public defender was, therefore, properly discharging his duty to both his client and the Court by concluding that the appeal was wholly frivolous due to untimeliness and seeking the Court's leave to withdraw. *See Albright v. Department of Public Welfare,* 71 Pa. Commonwealth Ct. 114, 454 A.2d 1149 (1983) (per curiam) (Under Ethical Consideration 7-4 of the Code of Professional Responsibility it is unethical for a lawyer to represent a client in a frivolous appeal due to untimeliness).

We now consider Hillanbrand's cross-motion for appointment of substitute counsel. In *Brewer,* we held that where a prisoner is transferred by the Department of Corrections from one state correctional institution to another during the pendency of his appeal from a Board parole revocation order, the public defender of the county to which the prisoner is transferred and physically located is responsible for providing him representation in appealing the Board's order. As here, the facts in *Brewer* involved a prisoner who was incarcerated at SCI-Graterford when he filed his petition for review and subsequently transferred to SCI-Rockview.[5] In so

---

[5] We are aware of and appreciate the significant parole caseload shouldered by the three counties which house the Department of Corrections three regional Diagnostic and Classification Centers for male prisoners. Diagnostic and Classification Centers are the initial reception centers for prisoners committed to the custody of

holding, we concluded that under the rationale of *Passaro v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981), even though there should be minimal contacts necessary between the prisoner and counsel now that the appeal has been perfected, the prisoner must have reasonable access to his counsel during the appellate process. 90 Pa. Commonwealth Ct. at 79, 494 A.2d at 38.

There are, however, several facts present in this case which make the circumstances before us here significantly different from those present in *Brewer*. In

---

the Department of Corrections. The Eastern Diagnostic and Classification Center is located at SCI-Graterford, in Montgomery County, the Central Diagnostic and Classification Center is located at SCI-Camp Hill, in Cumberland County, and the Western Diagnostic and Classification Center is located at SCI-Pittsburgh, in Allegheny County. *See* 37 Pa. Code §91.4. In that parole violators are housed in Diagnostic and Classification Centers until the Board acts upon their parole revocation charge, *see O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 356, 367, 487 A.2d 90, 96 (1985), the overwhelming majority of parole violation and revocation hearings are held at those three state correctional institutions and the majority of administrative and judicial appeals from Board parole revocation orders are commenced by parole violators while still housed in Diagnostic and Classification Centers. The Department's Diagnostic and Classification Center for female prisoners, SCI-Muncy, in Lycoming County, has not generated the volume of parole litigation as have the other three centers.

Where a prisoner is transferred by the Department from one state correctional facility to another, or to or from a county correctional facility, it is the prisoner's obligation to inform his counsel of his transfer so that breakdowns in communication during the appellate process are kept to a minimum and that counsel is kept aware of the whereabouts of his client for purposes of communicating timely notice of Board or judicial decisions and taking action on those decisions within the applicable time limitations. *See Moore v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 527, 529, 503 A.2d 1099, 1101 (1986) (as between the Board and counsel, the responsibility for keeping track of an incarcerated client is upon counsel, not the Board).

*Brewer,* there was no question that this Court had jurisdiction to hear the merits of the prisoner's appeal whereas here the opposite is true. Second, here the public defender has fully discharged his duties to the prisoner[6] whereas in *Bewer* briefs had not been filed at at the time the prisoner was transferred to SCI-Rockview and the majority of the work in the appellate process remained unfinished. Therefore, the rationale supporting the appointment of substitute counsel in *Brewer* is simply not present here. In addition, we have recently held, in *Santiago,* that once an indigent prisoner's counsel has determined an appeal to be wholly frivolous, has presented a proper motion to withdraw which meets the requirements of *Craig,* and, after an independent and extensive review of the record, the reviewing court agrees with counsel's conclusion that the appeal is wholly frivolous, the indigent prisoner is not entitled to appointment of different counsel, at public expense, to provide a legal "second opinion" as to the merit, or lack thereof, of the appeal. *Santiago,* 96 Pa. Commonwealth Ct. at 57, 506 A.2d at 520. Therefore, we must deny Hillanbrand's cross-motion for appointment of different counsel.

Having reviewed the record and concurred with the public defender's conclusion that this appeal is wholly frivolous, we grant the public defender's motion for leave to withdraw and deny Hillanbrand's cross-motion for appointment of different counsel. In addition, since we concur with the public defender's conclusion that this appeal is untimely and that this Court lacks juris-

---

[6] In *McClendon,* our Supreme Court has held that once counsel has conducted an exhaustive search of the record and concludes that an appeal is wholly frivolous, and a reviewing court, after an independent extensive search of the record, concurs with counsel's judgment, counsel has fully discharged his or her duty to the prisoner. 495 Pa. at 473-474, 434 A.2d at 1187.

diction to consider the merits of Hillanbrand's contentions, we must dismiss the appeal as untimely filed.[7]

### ORDER

Now, April 23, 1986, after an extensive and independent examination of the entire record, the petition of Scott F. Breidenbach, Esquire, for leave to withdraw as counsel for petitioner is hereby granted and counsel's entry of appearance on behalf of petitioner is ordered stricken. The cross-motion of Edward Hillanbrand for appointment of different counsel is hereby denied. In that the Court's independent examination of the record has shown that the petition for review was not filed within the time period mandated by Pennsylvania Rule of Appellate Procedure 1512(a)(1), this Court is without jurisdiction to hear this appeal and the appeal is dismissed with prejudice.

---

[7] During our consideration of the public defender's motion to withdraw, Hillanbrand filed a pro se motion to vacate that portion of the Board's revocation order which recommits him as a technical parole violator for conduct for which it also recommitted him as a convicted parole violator in that the Pennsylvania Supreme Court has held that the Board is without such authority under the terms of Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a. *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). However, since his untimely filing has deprived this Court of jurisdiction, we are precluded from considering this issue.