512 A.2d 1307

Thomas Reale, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs May 29, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Scott F. Breidenbach,* Assistant Public Defender, for petitioner.

*Robert Greevy,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, July 16, 1986:

Thomas Reale has petitioned for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board parole revocation order. That revocation order revoked his parole and recommitted him to prison as a technical and convicted parole violator to serve twenty-one months on backtime. Reale's counsel has petitioned

this Court for leave to withdraw[1] on the ground that the appeal is wholly frivolous. It is counsel's petition to withdraw which is before the Court for disposition.

The following facts are pertinent to our disposition of counsel's motion. Reale was initially sentenced in the Court of Common Pleas of Bucks County to a term of two to five years for his conviction of the offense of Burglary.[2] He was paroled by the Board on that sentence on April 15, 1984 to a detainer sentence. He was released from custody on April 27, 1984 to a parole plan in Philadelphia.

On August 23, 1984, Reale was arrested by Philadelphia Police on new criminal charges.[3] The Board lodged its warrant and detainer against him that same day. On August 31, 1984, the Board provided him with a Preliminary Hearing regarding the asserted technical parole violations[4] and a Detention Hearing[5] regarding

---

[1] Pennsylvania Code of Professional Responsibility DR 2-110(A)(1) provides that a lawyer shall not withdraw from employment in a proceeding before a tribunal without that tribunal's permission.

[2] 18 Pa. C. S. §3502.

[3] While Reale was arrested by Philadelphia Police on August 23, 1984, they were acting on behalf of Bensalem Township, Bucks County, authorities and Reale was not subject to any Philadelphia County criminal charges insofar as the record indicates.

[4] The technical parole violations which were asserted by the Board were violation of general condition # 1 (leaving the District without prior written permission); general condition # 3B (failing to report an arrest to the parole supervision staff within seventy-two hours); general condition 5B (possession of a weapon, *i.e.* knife); and special condition # 6 (failure to comply with mandated drug therapy treatment).

[5] A Detention Hearing is mandated by 37 Pa. Code §71.3(1)(iv) and its purpose is to determine whether a parolee who has been arrested on new criminal charges should remain in custody or be permitted to secure release from confinement by posting bail. In determining whether the parolee should be detained or

the new criminal charges. Reale appeared for the Preliminary/Detention hearing, along with counsel, and waived both hearings and requested a continuance of any further parole hearings until the disposition of his pending criminal charges. On September 4, 1984, he was arrested by Bensalem Township, Bucks County, authorities and charged with Burglary, Theft by Unlawful Taking,[6] and Receiving Stolen Property[7] stemming from a burglary of an apartment in Salem Harbour Apartments in Bensalem Township which allegedly occurred on July 25, 1984. On March 19, 1985 Reale was convicted after a jury trial in Bucks County Common Pleas Court of Theft by Unlawful Taking and Receiving Stolen Property.

On May 9, 1985, the Board afforded Reale a parole Violation/Revocation Hearing before a Board hearing examiner at the State Correctional Institution at Graterford (SCI-Graterford). At that hearing, his counsel objected to the timeliness of the Violation Hearing pertaining to the asserted technical parole violations as being held beyond one hundred twenty days after the

---

released pending disposition of new criminal charges, the Board's regulations require the Board to consider the following factors: (1) risk to the community if the parolee is released; (2) sufficiency of the evidence that the parolee has violated parole in a sufficiently serious manner to warrant the parolee's return as a technical violator; (3) the history of the parolee while under supervision; (4) whether the parolee was in delinquent status by absconding at the time of arrest by the police; (5) the seriousness of the offense for which the parolee has been arrested; (6) the possibility that the parolee may abscond from parole supervision if released; (7) whether the criminal charge involves an alleged use of a firearm or whether a physical assault has occurred; and (8) whether the parolee has other outstanding criminal charges. 37 Pa. Code §71.3(10).

[6] 18 Pa. C. S. §3921.
[7] 18 Pa. C. S. §3925.

preliminary hearing in violation of 37 Pa. Code §71.2(11). The hearing examiner overruled counsel's objection citing Reale's continuance request of August 31, 1984 and his waiver of prior notice of the Bucks County charges at the August 31, 1984 Preliminary/Detention Hearing. Following the hearing, the Board ordered Reale's parole revoked and recommitted him as a technical parole violator to serve nine months on backtime and as convicted parole violator to serve twelve months on backtime for a total of twenty-one months on backtime. Through counsel, he filed an administrative appeal of that revocation order which was denied by the Board and counsel duly filed a timely petition for review with this Court.

Prior to addressing the merits of counsel's petition to withdraw, we must first ascertain whether counsel has complied with the requirements of *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985). Our review of the record satisfies us that counsel has properly filed a motion for leave to withdraw along with an *Anders*[8] brief, both of which were duly served upon Reale. In addition, the record contains a copy of a notice which counsel sent to Reale which informed him of his right to retain substitute counsel and of his right to raise any points which he may deem worthy of merit in a pro se brief.[9] Finally, counsel has certified that he has served a

---

[8] *Anders v. California*, 386 U.S. 738 (1967).

[9] The notice of rights which counsel served upon Reale as part of his motion for leave to withdraw reads as follows:

    Enclosed herewith please find a true and correct copy of a petition for Leave to Withdraw as Counsel and an Anders Brief of Petitioner, which I have filed with the Commonwealth Court of Pennsylvania and the Pennsylvania Board of Probation and Parole. The reason I am petitioning the Court to withdraw my appearance is that

copy of this Court's order of April 8, 1986, informing Reale that he was directed to procure substitute counsel who shall enter an appearance or file a brief in support of his petition for review within thirty days of the service of the order upon him. Reale has neither procured substitute counsel who has entered an appearance nor has he filed a pro se brief in support of the petition for review. Counsel has, therefore, satisfied the threshold requirements of *Craig* and we may now address the merits of his motion for leave to withdraw.

What distinguishes this case from our prior decisions involving counsel that sought leave to withdraw due to the frivolity of an appeal is that counsel in this case was not court-appointed. In our prior decisions, *Craig; Santiago v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 51, 506 A.2d 517 (1986); *Hillanbrand v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 484, 508 A.2d 375 (1986), the parolees all filed their petitions for

---

after a conscientious review of the record I believe that your appeal is 'wholly frivolous'.

In compliance with Commonwealth v. McClendon, [495 Pa. 467,] 434 A.2d 1185 (1981) please be advised that you have an absolute right to hire a private attorney to pursue your appeal in the Commonweaalth [sic] Court of Pennsylvania. If it is your desire to obtain a private attorney I would urge that you do so as soon as possible so that he can enter his appearance on your behalf. His entry of appearance must be done in order that he may represent you in the Commonwealth Court of Pennsylvania.

If it is your desire to represent yourself you may do so by filing a supplemental brief *Pro se,* raising any issues which you feel have merit. If you have any questions regarding this matter please contact this office upon receipt of this notice.

We feel that this notice adequately informed Reale of his right to procure substitute counsel or to file a pro se brief in which he may raise any points which he deems worthy of merit.

review pro se and this Court appointed counsel to represent them pursuant to *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981) and *Brewer v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985). Here, however, counsel, an assistant public defender, represented Reale at the parole Violation/Revocation Hearing at SCI-Graterford and through the administrative appeal process, dutifully discharging the duty imposed upon the public defender by Section 6(a)(10) of the Public Defender Act of 1968, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §9960.6(a)(10), and this Court's decision in *Passaro v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981). Counsel filed the instant petition for review with this Court solely to protect Reale's appeal rights from the Board's denial of administrative relief.[10] We note this distinction to emphasize that our holding in *Craig* and the cases which follow it, that impose upon counsel representing parolees in appeals of Board parole revocation orders the duty to seek to withdraw from appeals which are determined to be "wholly frivolous," are equally applicable to counsel whether court-appointed or who voluntarily shoulder the duties imposed under 16 P.S. §9960.6(a)(10) and *Passaro. See*

---

[10] Public Defender's Petition for Leave to Withdraw as Counsel, ¶ 3. We concur with the public defender's course of action in this case wherein he filed a petition for review on behalf of the parolee in order to preserve the parolee's appeal rights and subsequently sought leave to withdraw on the ground of frivolity. The decision to appeal a Board parole revocation order is that of the parolee-client, not the attorney. Pennsylvania Code of Professional Responsibility EC 7-7. The parolee is entitled to a judicial evaluation of the assertion that an appeal is wholly frivolous and the final determination of that issue is a matter solely for a reviewing court, not counsel.

*also Polk County v. Dodson,* 454 U.S. 312, 323 (1981) (all lawyers—whether privately retained or publicly appointed—have the obligation not to clog the courts with frivolous motions or appeals); Pennsylvania Code of Professional Responsibility EC 7-4 and DR 7-102.

We have previously held that a prerequisite for granting counsel leave to withdraw under *Craig* is a finding by counsel, after an exhaustive and conscientious review of the record, that the appeal is wholly frivolous. *Winters v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 236, 503 A.2d 488 (1986). Additionally, we have defined "wholly frivolous" to be "a complete lack of points present that might arguably support an appeal." *Craig,* 93 Pa. Commonwealth Ct. at 592, 502 A.2d at 761. A lack of merit is not the legal equivalent of frivolity. *Id.*

Here, counsel, who also represented Reale at the May 9, 1985, parole Violation/Revocation Hearing at SCI-Graterford, reviewed the record and concluded that the appeal was wholly frivolous. At that point, it becomes the responsiblity of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous. *Santiago,* 96 Pa. Commonwealth Ct. at 51, 506 A.2d at 519. Our review of the record convinces us to concur in counsel's judgment that the appeal is wholly frivolous.

The only issue which Reale raises on appeal is that his parole Violation Hearing, held on May 9, 1985, at SCI-Graterford, was untimely since it was held more than one hundred twenty days after his August 31, 1984 Preliminary Hearing in violation of 37 Pa. Code §71.2(11). He argues that his continuance request of August 31, 1984 requesting that his parole Violation Hearing be postponed until the disposition of his pending criminal charges is not effective with regards to his

Bucks County charges in that he was not officially arrested by Bucks County authorities until September 4, 1984, four days *after* his continuance request. However, petitioner's arrest on April 23, 1984 by Philadelphia Police was at the request of Bucks County authorities pertaining to the alleged July 24, 1984 burglary in Bensalem Township. Also, attached to the continuance request of August 31, 1984, is a Waiver of Notice of Charges and/or Hearing which reads as follows:

> I hereby waive my right to prior written notice of the following charge(s) and/or hearing (date, time and place) TPV [technical parole violation] # 1 leaving Dist[rict]. without Perm[ission]. + New Crim[inal] Charges in Bensalem, Bucks Co. and desire that these charges be heard at this 8-31-84 Hearing being conducted on 8-31-84.

s/ Thomas Reale<br>
Client<br>
Date 8-31-84

The waiver is witnessed by Reale's counsel and Board Hearing Examiner Murielle Allison. Reale does not dispute that he executed this waiver. Therefore, the continuance request of August 31, 1984, by his own written admission, included the pending Bucks County criminal charges and his argument to the contrary is wholly frivolous. Accordingly, we shall grant counsel's motion for leave to withdraw.

Having found that Reale's appeal is wholly frivolous, after our independent review of the record, we shall also dismiss his petition for review.

### ORDER

Now, July 16, 1986, the motion of Scott F. Breidenbach, Esquire, for Leave of Court to Withdraw Appearance is hereby granted and his entry of appearance on

behalf of the petitioner, Thomas Reale, is ordered stricken. Since this Court has determined after its independent review of the entire record that the appeal is wholly frivolous, the order of the Pennsylvania Board of Probation and Parole at Parole No. 875-R, dated August 16, 1985, which denied administrative relief to Thomas Reale, is hereby affirmed.