IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julian Patton,                          :
                        Petitioner      :
                                        :
        v.                              :  No.  175 C.D. 2020
                                        :  Submitted:  September 11, 2020
Pennsylvania Board of                   :
Probation and Parole,                   :
                        Respondent      :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                        FILED:  November 20, 2020


        Julian Patton, an inmate confined at the State Correctional Institution
(SCI) at Mercer, petitions for review of an adjudication of the Pennsylvania Board
of Probation and Parole (Board),[1] recommitting him to serve 24 months' backtime
as a convicted parole violator (CPV) and recalculating his maximum sentence date
to April 21, 2022.  His counsel, Robert H. Hartley, Jr., Esquire (Counsel),[2] has filed
an application to withdraw appearance (application to withdraw), along with a no-

---

        [1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

        [2] Counsel is an assistant public defender in Mercer County.

merit letter,[3] because the petition for review was untimely filed. For the following reasons, we grant Counsel's application to withdraw and dismiss the petition for review.

In 2013, Patton pleaded guilty to the charge of burglary in the Court of Common Pleas of Allegheny County. He was sentenced to serve two years, three months to six years in an SCI. At that time, his maximum sentence date was September 17, 2019.

Patton was paroled on April 24, 2016. He remained on parole until February 2, 2017, when he was arrested by the Pittsburgh Police Department for receipt of stolen property, possession of a firearm without a license, and possession of a firearm by a convicted felon. The Board lodged a warrant to commit and detain Patton on February 3, 2017. Certified Record (C.R.) at 11. At that time, Patton waived his rights to counsel, a detention hearing, and a panel hearing. C.R. at 17-18. On March 21, 2017, the Board ordered Patton to be detained pending disposition of the new criminal charges. C.R. at 23.

On April 11, 2017, Patton was indicted on federal charges for possession of a firearm and ammunition by a convicted felon. C.R. at 31. The state charges were dismissed at the magisterial level, and, on May 25, 2017, Patton was transferred from the Allegheny County Jail to a federal detention facility by the United States Marshals Service. *Id*.

On August 27, 2018, Patton pleaded guilty to the federal firearm charge in the United States District Court for the Western District of Pennsylvania and was

---

[3] The "no merit" standard for withdrawing is applied in situations where, as here, the right to counsel is statutorily based. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The "wholly frivolous" standard, a slightly higher standard, is applied where the right to counsel is constitutional. *Id*.

sentenced to 30 months' confinement followed by 3 years of supervised release.[4] He remained in federal custody until November 27, 2018, at which point he was transferred to SCI-Greene. C.R. at 51.

On September 13, 2018, prior to his return to state custody, the Board received verification of the federal conviction. C.R. at 42. On September 24, 2018, Patton signed a Waiver of Panel Hearing and a Waiver of Revocation Hearing and Counsel/Admission Form, waiving his right to a panel hearing and a revocation hearing and his right to counsel and admitting that he violated his parole by possessing a firearm and ammunition as a convicted felon. C.R. at 35-37. The Board accepted Patton's waivers and indicated in the Hearing Report that Patton would not receive credit for time he spent at liberty on parole by checking "No" next to "Credit time spent at liberty on parole." C.R. at 43.

By decision mailed November 6, 2018, the Board recommitted Patton to an SCI as a CPV to serve 24 months' backtime. C.R. at 48-49. Patton owed 1,241 days on his unexpired original sentence. C.R. at 52. The Board mailed a second decision on December 5, 2018, referring to its prior decision of November 6, 2018, explaining it did not grant Patton credit for time spent at liberty on parole because his "conviction involved possession of a weapon," and recalculating Patton's maximum date as April 21, 2022. C.R. at 54-55.

Patton, *pro se*, filed for administrative review of the Board's December 5, 2018 decision. He claimed the presumptive range for a firearm violation was 12 to 18 months. He also claimed he "received an [sic] [n]on-monetary bond and [did not] understand how [his] last 22 months in jail [was] not credited to [his] parole

---

[4] Patton was convicted of possession of a firearm and ammunition by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[.]" 18 U.S.C. § 922(g)(1).

violation." C.R. at 56. By decision mailed October 11, 2019, the Acting Board Secretary denied relief. C.R. at 58. The Board explained that the presumptive range for the offense of possession of a firearm and ammunition by a convicted felon is 18 to 24 months. 37 Pa. Code § 75.2.[5] Therefore, because the backtime imposed was within the presumptive range under the Board's Regulation, it cannot be challenged now on appeal. The Board did not address Patton's claim that his federal time should be credited toward his state sentence.

On February 14, 2020,[6] Patton filed a *pro se* petition for review with this Court. His petition did not question the presumptive range for his firearm charge or that his 22 months in federal custody should be credited toward his state sentence. Instead, Patton claimed to be "entitled to a total of 112 days and 88 days presentence credit for two periods of incarceration solely on the [Board's] warrants on 02/02/2017 until 05/26/2017 when [he] was arraigned by federal authorities and 08/31/2018 until 11/27/2018 when [he] was returned to [state custody]." Petition for Review ¶ 3.

On March 10, 2020, this Court appointed the Public Defender of Mercer County to represent Patton and Counsel thereafter entered his appearance. Counsel

---

[5] Patton was convicted of violating 18 U.S.C. § 922(g)(1), for possessing a firearm and ammunition as a convicted felon. C.R. at 24. Section 6105(c)(9) of the Pennsylvania Uniform Firearms Act of 1995 (Firearms Act), 18 Pa. C.S. § 6105(c)(9), lists a conviction under 18 U.S.C. § 922(g)(1) as a violation of the Firearms Act. Thus, Section 75.2 of the Board's Regulations provides that the presumptive range for "[v]iolation of any Provision of the [Firearms Act]" is 18 to 24 months. *See* 37 Pa. Code § 75.2.

[6] Patton's petition for review was received by this Court on February 19, 2020, but deemed filed on February 14, 2020. Pursuant to the "prisoner mailbox rule," *pro se* legal filings by prisoners are deemed filed on the date "given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014); *see also* Pa.R.A.P. 121(a).

4

subsequently filed the application to withdraw from representation of Patton, along with his no-merit letter, claiming that the petition for review is time barred.

When evaluating an application to withdraw from representation of a parolee who challenges a revocation decision, we must determine whether counsel has satisfied the following requirements of: (1) notifying the inmate of the application to withdraw; (2) providing the inmate with a copy of a no-merit letter in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); and (3) advising the inmate of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). The no-merit letter must detail the extent of counsel's review and explain why the inmate's claim is meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). If counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the inmate's claims.

Here, the record reflects that Counsel has notified Patton of the application to withdraw; has provided him with a copy of the no-merit letter that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless; and has advised Patton of his right to retain new counsel or raise any new points he might deem worthy of consideration.[7] Accordingly, we conclude that Counsel has satisfied the technical requirements for withdrawal.

Turning to our review of the merits, Counsel asserts in his no-merit letter that the issues raised by Patton are frivolous because the petition for review was untimely filed. Counsel notes that the period for filing a petition for review to this Court from an order of the Board is 30 days. Pa.R.A.P. 1512(a)(1) ("A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the

---

[7] Patton has not retained new counsel or filed a brief on his own behalf.

5

appellate court within 30 days after the entry of the order."). The failure to file a timely appeal deprives this Court of jurisdiction to consider the merits of the case. *Hillanbrand v. Pa. Bd. of Prob. & Parole*, 508 A.2d 375, 378 (Pa. Cmwlth. 1986). This Court has recognized that the untimeliness of a petition for review filed by a *pro se* inmate that lacks any explanation for the delay is a valid basis for appointed counsel to seek withdrawal of his appearance. *Murph v. Pa. Bd. of Prob. & Parole*, 641 A.2d 1275, 1276-77 (Pa. Cmwlth. 1994) (concluding this Court lacked jurisdiction to consider untimely petition for review filed by *pro se* inmate).

Counsel states that pursuant to *Robinson v. Pennsylvania Board of Probation and Parole*, 582 A.2d 857 (Pa. 1990), he must raise and address the untimeliness of a *pro se* petition for review or risk sanctions. In *Robinson*, a *pro se* inmate filed a petition for review to this Court, approximately nine months after the appeal period expired. This Court appointed a public defender to represent the inmate, who filed a brief addressing the merits of the petition for review, but did not mention the untimely filing of the appeal. The Board petitioned for dismissal, arguing that the petition for review was untimely. We agreed the petition was untimely, and therefore, frivolous, and ordered the public defender to pay costs and attorney's fees for filing a frivolous appeal.

Before the Supreme Court, the public defender argued that this Court appointed him after the filing of the untimely appeal. As such, he assumed he was expected to address the merits of the case. The Supreme Court disagreed, stating that "[t]o employ a strat[a]gem of focusing on the merits of a claim and ignoring a clearly apparent jurisdictional defect is a frivolous strategy which rendered the appeal frivolous." *Id.* at 860. Thus, the Supreme Court affirmed this Court's imposition of sanctions.

Here, administrative relief was denied on October 11, 2019, and Patton filed his petition for review on February 14, 2020. Patton gave no reason for the nearly 4-month delay in filing his petition for review, which is well beyond the 30-day appeal period. Pa.R.A.P. 1512(a)(1). As such, Counsel was obligated, pursuant to *Robinson*, to address the issue. Moreover, upon receipt of Counsel's no-merit letter, explaining Patton's claim was untimely, Patton had an opportunity to address the delay in filing, but declined to respond. Accordingly, this Court lacks jurisdiction to consider Patton's untimely petition for review. *Hillanbrand*, 508 A.2d at 378.

For the above reasons, we grant Counsel leave to withdraw and dismiss the petition for review as untimely.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julian Patton,                          :
                        Petitioner      :
                                        :
        v.                              :   No.  175 C.D. 2020
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :
                        Respondent      :


# **O R D E R**

     **AND NOW**, this 20th day of November 2020, the Application to Withdraw Appearance filed by Robert H. Hartley, Jr., Esquire is GRANTED, and Julian Patton's petition for review of the Pennsylvania Board of Probation and Parole's Order of October 11, 2019, is DISMISSED as untimely.


                         _____
                         J. ANDREW CROMPTON, Judge