IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont C. Snider,                :
          Petitioner         :
                          :   No.  80 C.D. 2022
      v.                  :
                          :   Submitted: September 30, 2022
Pennsylvania Parole Board,    :
          Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: July 24, 2023

Lamont C. Snider (Snider) petitions for review of a decision of the Pennsylvania Parole Board (Board) that denied him a 30-day extension to file an administrative appeal of the Board's October 20, 2021 decision. Also before the Court is the application of Victoria Hermann, Esquire (Counsel), for leave to withdraw as counsel (Application). Upon careful review, we quash Snider's Petition for Review to this Court as untimely, and dismiss Counsel's Application as moot.

## I.    FACTS AND PROCEDURAL BACKGROUND

On August 6, 2015, Snider was sentenced to an aggregate sentence of two to five years' incarceration based on his conviction of one firearm charge and two drug-related offenses. (Certified Record (C.R.) at 1-3.) Snider was subsequently released on parole to a motivational boot camp on May 2, 2016, with a maximum sentence date

of May 3, 2020. (C.R. at 4.) On November 12, 2019, the Board issued a warrant to commit and detain Snider pending disposition of new criminal charges. (C.R. at 9, 16.) On July 14, 2021, Snider was found guilty of criminal attempt to commit criminal homicide, aggravated assault, and possession of an instrument of a crime with intent. (C.R. at 32.)

On August 26, 2021, in proceedings before the Board, Snider waived his rights to counsel and a hearing and admitted that his new criminal convictions were parole violations. (C.R. at 18-19.) On October 20, 2021, the Board mailed a recommitment decision in which it recommitted Snider as a convicted parole violator to serve the unexpired term of 4 years and 25 days on his original sentence. (C.R. at 59-60.) Snider's new maximum sentence date was recalculated to be October 15, 2021. (C.R. at 60.)

On November 18, 2021, 29 days after the Board's decision, Snider sent a letter to Board Secretary, Deborah L. Carpenter, requesting a 30-day extension to file his appeal of the Board's October 20, 2021 decision due to the COVID-19 pandemic and the institution running on a modified schedule. (C.R. at 64.) Snider stated that due to the "institution[']s understaffing and lockdowns, due to staff assaults and prisoner assaults, scheduled appoints [sic] for school, library/law library is cancelled." *Id.* Snider further stated that due to a new sign-up procedure, it was difficult for him to get on the list to use the library. *Id.* Snider otherwise did not provide any information about the issues he intended to raise in his administrative appeal of the Board's October 20, 2021 recommitment decision and did not file an administrative appeal with the Board at any time after his November 18, 2021 correspondence.

The Board responded to Snider's administrative appeal on December 16, 2021, and stated that "[a]dministrative appeals must be filed within 30[ ]days of the

mailing date of the Board's decision" and that its regulations authorizing administrative relief does not permit extensions. (Certified Record (C.R.) at 67.) The Board noted that "any submissions received outside the established timeframe will be dismissed as untimely," and affirmed its October 20, 2021 decision. *Id.*

Snider placed his *pro se* Petition for Review in the mail on January 20, 2022, two days after his appeal window expired. By order dated February 24, 2022, we appointed Counsel to represent Snider, indicated Counsel may file an amended Petition for Review. Within 30 days of being appointed, Counsel filed a no-merit *Turner*[1] letter and Application instead of filing an amended Petition for Review on March 22, 2022. In her *Turner* letter, Counsel did not address the timeliness of Snider's Petition for Review. Counsel analyzed the legal issues raised in Snider's Petition for Review and explained her reasons for concluding those issues were meritless. Counsel provided Snider a copy of the *Turner* letter and Application and advised him he may obtain new counsel or proceed *pro se* before this Court. On April 6, 2022, this Court issued an order indicating that it would consider Counsel's Application along with the merits of Snider's Petition for Review, and directing the parties to address the timeliness of Snider's Petition for Review, *i.e.*, whether it was filed within 30 days of the Board's order, pursuant to Pennsylvania Rule of Appellate Procedure 1512(a)(1). The order also advised Snider that he had 30 days from service of the order to either obtain new counsel and have counsel file a brief in support of the Petition for Review, or for Snider to file his own brief *pro se*. The record indicates that Counsel served Snider a copy of the order. Snider did not obtain new counsel, nor did he file an amended Petition for Review or *pro se* brief addressing the timeliness of his Petition

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* letter).

for Review.  Likewise, the Board did not file a brief or a motion to quash on timeliness grounds.[2]

## II.  DISCUSSION

Pennsylvania Rule of Appellate Procedure 1512(a)(1) provides that "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order."  Pa.R.A.P. 1512(a)(1). The failure to file a timely petition for review from the Board's decision deprives this Court of jurisdiction to consider its merits.  *See Hillanbrand v. Pennsylvania Board of Probation & Parole*, 508 A.2d 375, 378 (Pa. Cmwlth. 1986) (parolee's untimely petition for review deprives this Court of jurisdiction to consider the merits of the petition).  "[T]he court may not enlarge the time for filing a . . . petition for review[.]" Pennsylvania Rule of Appellate Procedure 105(b).

Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox.  *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014).  A prisoner may meet this burden by providing "any reasonably verifiable evidence of the date that the prisoner deposits the appeal," including "certificates of mailing, cash slips, affidavits, [or] prison operating procedures."  *Sweesy v. Pennsylvania Board of Probation & Parole*, 955 A.2d 501, 503 (Pa. Cmwlth. 2008).  However, a late-filed appeal may be considered *nunc pro tunc*, "if the delay in filing was caused by extraordinary circumstances involving fraud or breakdown in the administrative process or non-negligent circumstances related to the [petitioner], his attorney, or a third party."  *McCullough v. Pennsylvania Board of Probation & Parole*, 256 A.3d 466, 471 n.5 (Pa. Cmwlth. 2021) (citations omitted).

---

[2] Timeliness of an appeal is an issue of subject matter jurisdiction, which we may raise at any time *sua sponte*.  *Wagner v. Pennsylvania Board of Probation & Parole*, 522 A.2d 155, 157 (Pa. Cmwlth. 1987).

4

Here, the Board's adjudication denying Snider's request for extension and affirming its October 20, 2021 decision was mailed on December 16, 2021. Under Pa.R.A.P. 1512(a)(1), Snider was required to file his Petition for Review within 30 days of the date the adjudication was mailed, i.e., by January 18, 2022. The cash slip filed with Snider's Petition for Review indicates that he paid for postage on January 20, 2022, and thus, pursuant to the prisoner mailbox rule, his Petition for Review was deemed filed on that date. *See* Petition for Review at 13. On its face, Snider's Petition for Review is untimely. Snider did not file a *pro se* brief addressing the timeliness of his Petition for Review as we directed in our April 6, 2022 order and has not provided any evidence indicating that his Petition for Review with **this Court** should be considered timely. Additionally, Snider has not requested *nunc pro tunc* relief due to alleged fraud or breakdown in operations with respect to the untimeliness of his filing with **this Court**. For these reasons, we are constrained to conclude that we are without jurisdiction over Snider's Petition for Review, and therefore, cannot reach the merits of Snider's Petition for Review.

Accordingly, we quash Snider's Petition for Review and dismiss as moot Counsel's Application.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont C. Snider,                  :
               Petitioner        :
                               :   No.  80 C.D. 2022
       v.                 :
                               :
Pennsylvania Parole Board,     :
               Respondent   :

## ***ORDER***

AND NOW, this 24th day of July, 2023, the Court having concluded that this Court does not have jurisdiction over Petitioner Lamont C. Snider's Petition for Review, it is hereby ORDERED that the appeal is QUASHED, and that the Application to Withdraw as Counsel filed by Victoria Hermann, Esquire is DISMISSED as MOOT.

_____
PATRICIA A. McCULLOUGH, Judge